UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
STANLEY STEEMER INTERNATIONAL, INC.,

                             Plaintiff,

           -against-

EYAL BAROR, AFFORDABLE CARPET AND
UPHOLSTERY CLEANING, INC. and S.H. QUALITY
CARPET CLEANING, INC. a/k/a S.H. CARPET &
UPHOLSTERY CLEANING,

                            Defendants.
-----------------------------------------------------------------X

Civil Action No.

**COMPLAINT**

      Plaintiff STANLEY STEEMER INTERNATIONAL, INC. ("Stanley Steemer"), by its attorneys, Rivkin Radler LLP, as and for its Complaint against Defendants EYAL BAROR, AFFORDABLE CARPET AND UPHOLSTERY CLEANING, INC. ("Affordable Carpet") and S.H. QUALITY CARPET CLEANING, INC. a/k/a S.H. CARPET & UPHOLSTERY CLEANING ("S.H. Carpet") alleges as follows:

<u>Parties</u>

      1.    Plaintiff Stanley Steemer is incorporated in the State of Ohio having its principal place of business at 5800 Innovation Drive, Dublin, Ohio 43016 and is duly authorized to transact business in the State of New York.

      2.    Upon information and belief, Defendant Eyal Baror is a natural person residing in the State of New York.

      3.    Upon information and belief, Defendant Affordable Carpet is a corporation duly organized and existing under the laws of the State of New York, and maintains a place of business at 411 W. Park Avenue, Long Beach, New York 11561. Defendant Affordable Carpet is in the business of providing carpet cleaning services.

1

4.      Upon information and belief, Defendant S.H. Carpet is a corporation duly organized and existing under the laws of the State of New York, and maintains a place of business at 2677 Haring Street, Suite 1, Brooklyn, New York 11235. Defendant S.H. Carpet is in the business of providing carpet cleaning services.

## Jurisdiction and Venue

5.      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367, as there are federal questions predicated upon the Lanham Act and claims under the laws of the State of New York for which this Court has supplemental jurisdiction.

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the parties are of diverse citizenship and the amount in controversy exclusive of costs and interest is in excess of $75,000.

7.      Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391, as Defendants all maintain a place of business, and conduct business, in this District.

## FACTUAL BACKGROUND

A.      **The Business of Stanley Steemer**

8.      Stanley Steemer provides a wide array of residential and commercial cleaning services, including carpet cleaning.

9.      Stanley Steemer has been in business for more than 60 years and maintains over three hundred (300) locations in forty-eight (48) states.

10.     Stanley Steemer is the owner of numerous, incontestable registrations for the "STANLEY STEEMER" mark relating to Stanley Steemer's goods and services.

11.     On or about October 22, 1974, "STANLEY STEEMER" became a registered word mark (Registration No. 0996362) in connection with carpet cleaning machines with a first use date and a first use in commerce date of January 15, 1972.  A copy of the Registration Certificate is attached hereto as Exhibit "A".

12.     On or about March 11, 1975, "STANLEY STEEMER" became a registered word mark (Registration No. 1006675) in connection with carpet cleaning services with a first use date of January 1972 and a first use in commerce date of September 1972.  A copy of the Registration Certificate is attached hereto as Exhibit "B".

13.     On or about August 26, 1986, "STANLEY STEEMER" became a registered word mark (Registration No. 1406382) in connection with cleaner and spot remover for carpets and upholstery sold in connection with carpet cleaning services with a first use date of November 1, 1982 and a first use in commerce date of November 1, 1982.  A copy of the Registration Certificate is attached hereto as Exhibit "C".

14.     On or about June 16, 1992, "STANLEY STEEMER" became a registered word mark (Registration No. 1694865) in connection with upholstery cleaning services with a first use date of 1979 and a first use in commerce date of 1979.  A copy of the Registration Certificate is attached hereto as Exhibit "D".

15.     On or about August 31, 1999, "STANLEY STEEMER" became a registered word and service mark (Registration No. 2274323) in connection with duct cleaning services with a first use date of May 1, 1998 and a first use in commerce date of May 1, 1998.  A copy of the Registration Certificate is attached hereto as Exhibit "E".

16.     On or about April 10, 2001, "STANLEY STEEMER" became a registered word and service mark (Registration No. 2442125) in connection with retail store services for carpet

with a first use date of May 1995 and a first use in commerce date of May 1995.  A copy of the Registration Certificate is attached hereto as Exhibit "F".

17.     On or about August 10, 2004, "STANLEY STEEMER" became a registered word and service mark (Registration No. 2871734) in connection with installation, repair, maintenance and cleaning of heating, ventilating and air conditioning systems with a first use date of June 1, 2003 and a first use in commerce date of June 1, 2003.  A copy of the Registration Certificate is attached hereto as Exhibit "G".

18.     On or about December 12, 2006, "STANLEY STEEMER CARPET CLEANER" became a registered word and service mark (Registration No. 3182239) in connection with the use of the mark on vehicles for carpet cleaning related goods and services with a first use date of 1972 and a first use in commerce date of 1972.  A copy of the Registration Certificate is attached hereto as Exhibit "H".

19.     On or about November 9, 2010, "STANLEY STEEMER" became a registered word mark (Registration No. 3872588) in connection with carpet cleaning related goods and services with a first use date starting on January 15, 1972 and a first use in commerce date starting on January 15, 1972.  A copy of the Registration Certificate is attached hereto as Exhibit "I".

20.     Stanley Steemer has used and continues to use "STANLEY STEEMER" in interstate commerce to identify, advertise, publicize and market its services.

21.     Stanley Steemer has used and continues to use "STANLEY STEEMER" in interstate commerce on websites, letterhead, advertisements and other materials to identify and promote its services.

22. By virtue thereof, together with consumer acceptance and recognition, the "STANLEY STEEMER" marks identify the source of the services provided by Stanley Steemer and distinguishes Stanley Steemer from other service providers.

23. "STANLEY STEEMER" has become and remains a valuable asset symbolizing Stanley Steemer's business, its goodwill and the quality of Stanley Steemer's services.

24. "STANLEY STEEMER" is a federally registered and valid mark, and prima facie evidence of Stanley Steemer's exclusive right to use the mark in commerce in connection with its services.

**B.  "Bait and Switch" Scheme Through Acts of Infringement**

25. In 2011, Stanley Steemer became aware that one or more companies and/or individuals were, and still are, using the "STANLEY STEEMER" registered marks, or marks and names likely to cause confusion with the "STANLEY STEEMER" registered marks, to advertise, publicize and market their carpet cleaning services.

26. These companies and/or individuals were using names such as Stanley Steam Carpet Cleaning, Stanly Steam Carpet Cleaning, Stainles Steamer Carpet, Stanlee Steem Carpet and the like to deceive, advertise, publicize and market themselves to customers as Stanley Steemer itself, or entities associated with or related to Stanley Steemer.

27. In 2011, Stanley Steemer discovered that telephone numbers had been obtained and listed in various hard copy and on-line directories, such as the Yellow Pages, under the almost identical name of "Stanley Steam" and other similar names. Upon information and belief, one or more companies and/or individuals have purchased, listed and/or obtained such telephone numbers in hard copy and on-line directories.

28.     In 2011, Stanley Steemer discovered that the 411 directory assistance service provided telephone numbers for entities with the names of "Stanley Steam Carpet" and "Stanlee Steem Carpet" which had no connection to Stanley Steemer.  Upon information and belief, one or more companies and/or individuals have purchased, listed and/or obtained such telephone numbers with the 411 directory assistance service.

29.     Customers contacting the 411 directory assistance service seeking the services of Stanley Steemer were, instead, given the telephone numbers for entities which had no connection to Stanley Steemer.

30.     All authorized Stanley Steemer locations are listed under a single 1-800 telephone number, which when called connects the Stanley Steemer customer, electronically and automatically based on the callers' area code, to the Stanley Steemer office location that is in the closest proximity to the customer.  The customer then sets up an appointment for carpet cleaning services or for other services provided by Stanley Steemer.

31.     Upon information and belief, one or more companies and/or individuals have received, and continue to receive, telephone calls from customers intending to retain Stanley Steemer to perform carpet cleaning services.  These companies and/or individuals wrongfully represent to the public that they are Stanley Steemer, or affiliated with or related to Stanley Steemer, and proceed to arrange carpet cleaning services for the customers by companies which are not in any way affiliated with or related to Stanley Steemer.

32.     Upon information and belief, after the performance of these substandard carpet cleaning services for the customers, or the failure to appear to perform carpet cleaning services for the customers, Stanley Steemer receives complaints from the customers, who inaccurately

and deceptively believe that they had previously hired Stanley Steemer to perform carpet cleaning services.

33.     Essentially, one or more companies and/or individuals have engaged in, and are still engaging in, a "bait and switch" scheme whereby they bait the customers by falsely representing themselves as being an authorized Stanley Steemer company and then switch the carpet cleaning services to those that these companies and/or individuals arrange, which are not in any way associated with, authorized by or related to Stanley Steemer.

34.     Upon information and belief, the majority of these activities have taken place in, and continue to take place in, the counties of Kings, Queens, Nassau and New York in the State of New York.

35.     Stanley Steemer has never approved nor authorized the use of the "STANLEY STEEMER" marks by any of these companies and/or individuals.

C.     **Prior Trademark Infringement Action**

36.     As a result of the above-described acts of infringement from the unauthorized use of "STANLEY STEEMER", or similar names, Stanley Steemer undertook an investigation to attempt to determine the companies and/or individuals behind the acts of infringement.  The investigation uncovered the names of various entities that were believed to be using "STANLEY STEEMER", or similar names, in connection with carpet cleaning services without authorization.

37.     On or about March 29, 2012, Stanley Steemer commenced a trademark infringement action in the Eastern District of New York (Civil Action No. 12 CV 1653) against those entities that it believed to be using "STANLEY STEEMER", or similar names, in connection with carpet cleaning services without authorization ("Prior Trademark Infringement

Action"). A copy of the Amended Complaint in the Prior Trademark Infringement Action, without exhibits, is annexed hereto as Exhibit "J".

38. The Prior Trademark Infringement Action was commenced together with an Order to Show Cause seeking to preliminary enjoin and restrain the defendants from the Prior Trademark Infringement Action from continuing to advertise, publicize and market their carpet cleaning services using the "STANLEY STEEMER" registered marks, or marks and names likely to cause confusion with the "STANLEY STEEMER" registered marks, and direct the defendants from the Prior Trademark Infringement Action to remove all listings of names and telephone numbers in various hard copy and on-line directories for carpet cleaning services, as well as with 411 directory assistance, that use the "STANLEY STEEMER" registered marks, or marks and names likely to cause confusion with the "STANLEY STEEMER" registered marks.

39. In the Prior Trademark Infringement Action, Stanley Steemer presented the Court with several examples of customer confusion as a result of the placing of infringing listings.

40. As a result of Stanley Steemer's commencement of the Prior Trademark Infringement Action, Stanley Steemer entered into a Consent Judgment with several of the defendants from the Prior Trademark Infringement Action.

41. On or about May 8, 2012, Judge Kiyo A. Matsumoto so ordered a Consent Judgment against defendant Sunflower Carpet Cleaning, doing business under the names of defendants Stanley Steam Carpet Cleaning, Stanly Steam Carpet Cleaning, Stanlee Steem Carpet, as well as other names. A copy of the Consent Judgment from the Prior Trademark Infringement Action is annexed hereto as Exhibit "K". The principal of Sunflower Carpet Cleaning, Mashiah Amar, admitted to using ten (10) telephone numbers that were infringing upon the "STANLEY STEEMER" registered marks and agreed to disconnect and cease the use

of these telephone numbers.  Mr. Amar also agreed to not participate in similar activities in the future or he would be faced with liquidated damages in the amount of $20,000.00 for each violation.  Mr. Amar represented and warranted that the other telephone numbers being used to infringe upon the "STANLEY STEEMER" registered marks were not obtained and/or listed by him.

42.     Stanley Steemer attempted to locate the other companies and/or individuals that were infringing upon the "STANLEY STEEMER" registered marks, and proceeded with various methods of service of the pleadings in the Prior Trademark Infringement Action on other defendants.  Despite Stanley Steemer's efforts, no other companies and/or individuals appeared on behalf of any other defendants in the Prior Trademark Infringement Action and all of the addresses uncovered for such other defendants proved to be false.

43.     Thereafter, the Court in the Prior Trademark Infringement Action entered a default judgment against defendants Stanley Steam Carpet Cleaning, Stanly Steam Carpet Cleaning and ABC Rug Carpet Cleaning, and ruled that each be permanently enjoined from using the "STANLEY STEEMER" registered marks for commercial purposes.  Copies of the October 28, 2014 Report and Recommendation, and the November 18, 2014 Order on the Report and Recommendation, are annexed hereto as Exhibit "L".

44.     The Court in the Prior Trademark Infringement Action held that:

> The plaintiff has not only established a strong likelihood that consumers would be misled or confused by the Infringing Defendants' activities, they have also established actual confusion. The Infringing Defendants' scheme was clearly intended to mislead consumers into thinking they were purchasing Stanley Steemer licensed or affiliated services.  Therefore, the plaintiff has satisfied the requirements for a permanent injunction in its favor.

October 28, 2014 Report and Recommendation at 10-11, Exhibit L.

**D.    Subsequent Investigation By Stanley Steemer**

45.    Despite entering into a Consent Judgment in the Prior Trademark Infringement Action, "bait and switch" schemes infringing upon the "STANLEY STEEMER" registered marks continued to occur in the marketplace using new telephone numbers.

46.    As a result, Stanley Steemer commenced a new investigation to locate the other companies and/or individuals that were infringing upon the "STANLEY STEEMER" registered marks.

47.    Stanley Steemer's subsequent investigation uncovered details behind another ongoing, extensive "bait and switch" scheme infringing upon the "STANLEY STEEMER" registered marks.

48.    Starting in November 2014, Stanley Steemer's investigator began calling telephone numbers listed on yellowpages.com to entities with names such as "Stanley Steam Carpet Cleaning", "Stanley's Clean Carpet Cleaning" and "Stanley Steam Carpet Clean Inc." to arrange carpet cleaning services.  None of the telephone numbers belong to Stanley Steemer and none of the addresses connected to the telephone numbers are Stanley Steemer locations.

49.    Stanley Steemer's investigator arranged for carpet cleaning services to take place in various locations, including locations in the counties of Kings, Queens, Nassau and New York.

50.    The same individual answered all of the telephone calls made by Stanley Steemer's investigator and either identified himself as "Alex" or "Adam" during the telephone calls.

51.     In response to all of the appointments made by Stanley Steemer's investigator, either Defendant Affordable Carpet or Defendant S.H. Carpet appeared to perform carpet cleaning services.

52.     On November 12, 2014, Defendant Affordable Carpet appeared at an appointment in Nassau County in response to Stanley Steemer's investigator calling a telephone number listed to "Stanley Steam Carpet Cleaning."

53.     On November 17, 2014, Defendant Affordable Carpet again appeared at another appointment in Nassau County in response to Stanley Steemer's investigator calling a telephone number listed to "Stanley's Clean Carpet Cleaning."

54.     On December 4, 2014, Defendant S.H. Carpet appeared at an appointment in Queens County in response to Stanley Steemer's investigator calling a telephone number listed to "Stanley's Clean Carpet Cleaning."

55.     On January 13, 2015, Defendant Affordable Carpet again appeared at another appointment in Kings County in response to Stanley Steemer's investigator calling a telephone number listed to "Stanley Steam Carpet Clean Inc."

56.     On January 20, 2015, Defendant S.H. Carpet again appeared at an appointment in New York County in response to Stanley Steemer's investigator calling a telephone number listed to "Stanley Steam Carpet Cleaning."

57.     At each appointment, Stanley Steemer's investigator informed Defendant Affordable Carpet and Defendant S.H. Carpet that the telephone numbers being used to make the appointments for carpet cleaning services were listed to entities that were infringing upon the "STANLEY STEEMER" registered marks.

58.     Despite being informed that the telephone numbers being used to make the appointments for carpet cleaning services were listed to entities that were infringing upon the "STANLEY STEEMER" registered marks, both Defendant Affordable Carpet and Defendant S.H. Carpet continued to appear for appointments made by Stanley Steemer's investigator.

59.     Defendant Affordable Carpet and Defendant S.H. Carpet both admitted to Stanley Steemer's investigator that they were aware that the telephone numbers were listed to entities with names similar to the "STANLEY STEEMER" registered marks and/or that customers believed that they had hired Stanley Steemer to perform the carpet cleaning work.

60.     Upon information and belief, Defendant Affordable Carpet and Defendant S.H. Carpet have appeared, and continue to appear, at carpet cleaning appointments arranged by customers, other than by Stanley Steemer's investigator, who called telephone numbers listed to entities that were infringing upon the "STANLEY STEEMER" registered marks.

61.     Defendant Affordable Carpet and Defendant S.H. Carpet both stated that they were retained by an individual who created the telephone number listings for carpet cleaning services that were infringing upon the "STANLEY STEEMER" registered marks.  Defendant Affordable Carpet identified this individual as Defendant Eyal Baror and, upon information and belief, Defendant Eyal Baror is the same individual who previously identified himself on telephone calls as "Alex" or "Adam" to Stanley Steemer's investigator.

62.     Defendant Eyal Baror has created and listed telephone numbers in various hard copy and on-line directories, such as yellowpages.com, to entities with names such as "Stanley Steam Carpet Cleaning", "Stanley's Clean Carpet Cleaning" and "Stanley Steam Carpet Clean Inc." for carpet cleaning services.  Upon information and belief, Defendant Eyal Baror has also

listed telephone numbers with 411 directory assistance under names identical or similar to the "STANLEY STEEMER" registered marks.

63.     Defendant Eyal Baror answers the telephone calls made to such telephone numbers and represents to the customers that he is, or that he is affiliated with, Stanley Steemer. Defendant Eyal Baror is not, and never was, an employee or representative of Stanley Steemer and he is not, and never was, affiliated with or connected to Stanley Steemer.

64.     After being contacted by customers, Defendant Eyal Baror retains either Defendant Affordable Carpet or Defendant S.H. Carpet, or another unknown carpet company, to perform carpet cleaning services for such customers.

65.     In exchange for retaining Defendants Affordable Carpet and S.H. Carpet for their carpet cleaning services, Defendant Eyal Baror receives a portion of the fees paid by customers to Defendants Affordable Carpet and S.H. Carpet.

66.     Upon information and belief, several of the acts of infringement described in the Prior Trademark Infringement Action were committed by Defendant Eyal Baror.

67.     Upon information and belief, several of the examples of customer confusion set forth in the Prior Trademark Infringement Action were the result of the infringing activities of Defendants Eyal Baror, Affordable Carpet and S.H. Carpet.

## COUNT I
### Against Defendant Eyal Baror
### Trademark Infringement – 15 U.S.C. § 1114

68.     Stanley Steemer repeats, reiterates and realleges each and every allegation contained in the paragraphs numbered "1" through "67" with the same force and effect as if set forth at length herein.

69.     Stanley Steemer is the owner of the valid and legally protectable word mark, "STANLEY STEEMER".

70.     "STANLEY STEEMER" has been federally registered and is incontestable.

71.     Defendant Eyal Baror has used, and continues to use, "STANLEY STEEMER", or similar names, in advertisements and marketing of carpet cleaning services.

72.     Defendant Eyal Baror's continued unauthorized use of "STANLEY STEEMER", or similar names, is designed to cause, and will likely cause, customer confusion with Stanley Steemer and its services, as Defendant Eyal Baror does not have the right to use "STANLEY STEEMER" and such use infringes on the registered mark "STANLEY STEEMER".

73.     Defendant Eyal Baror's continued unauthorized use of "STANLEY STEEMER", or similar names, is designed to cause, and will likely cause, customers to mistakenly retain Defendant Eyal Baror to perform services when such customers believe that they are actually retaining Stanley Steemer.

74.     Defendant Eyal Baror's continued unauthorized use of "STANLEY STEEMER", or similar names, is intentionally and wrongfully deceiving customers into believing that they are retaining Stanley Steemer to perform services when they are actually retaining Defendant Eyal Baror.

75.     Defendant Eyal Baror's aforesaid conduct constitutes trademark infringement in violation of 15 U.S.C. § 1114, and at all relevant times, such conduct is and has been willful, malicious and in conscious disregard of Stanley Steemer's rights under the Lanham Act as the owner of the mark "STANLEY STEEMER".

76.     As a result of Defendant Eyal Baror's conduct in violation of the Lanham Act, Stanley Steemer has been injured in the manner of lost sales and/or loss of good will associated with its own services.

77.     As a result of Defendant Eyal Baror's conduct in violation of the Lanham Act, Stanley Steemer is entitled to receive an accounting of, and receive compensation from Defendant Eyal Baror in the form of, all of his profits from the unauthorized use of the "STANLEY STEEMER" marks.

78.     As a result of Defendant Eyal Baror's conduct in violation of the Lanham Act, Stanley Steemer has suffered and will continue to suffer irreparable injury that cannot be adequately compensated by money damages, and which gives rise to injunctive relief to the type sought herein pursuant to 15 U.S.C. § 1116.

79.     As a result of Defendant Eyal Baror's conduct, Stanley Steemer has sustained actual and consequential damages that will be established at trial, and Stanley Steemer is entitled to an award of punitive damages, the exact amount of which to be determined at trial.

## COUNT II
### Against Defendant Eyal Baror
### False Designation of Origin and Unfair Competition –
### 15 U.S.C. § 1125(a)(1)(A)

80.     Stanley Steemer repeats, reiterates and realleges each and every allegation contained in the paragraphs numbered "1" through "79" with the same force and effect as if set forth at length herein.

81.     Stanley Steemer is the owner of the valid and legally protectable word mark, "STANLEY STEEMER".

82.     Stanley Steemer uses the "STANLEY STEEMER" mark to identify, advertise, promote, publicize and market Stanley Steemer and its services.

83.     Defendant Eyal Baror is using "STANLEY STEEMER", or similar names, in connection with identifying, advertising, promoting, publicizing and marketing his carpet cleaning services.

84.     Defendant Eyal Baror has used and continues to use "STANLEY STEEMER", or similar names, to advance, grow and develop his business and to destroy, harm and interfere with Stanley Steemer's business.

85.     Defendant Eyal Baror's use of "STANLEY STEEMER", or similar names, is designed to cause, and will likely cause, customer confusion, mistake or deception as to the origin, sponsorship or approval of Defendant Eyal Baror's services, given the use of "STANLEY STEEMER", or similar names, by Defendant Eyal Baror and the similar nature of the services provided by both Stanley Steemer and Defendant Eyal Baror.

86.     Defendant Eyal Baror's aforesaid conduct constitutes false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A), and at all relevant times, such conduct is and has been willful, malicious and in conscious disregard of Stanley Steemer's rights under the Lanham Act as the owner of the mark "STANLEY STEEMER".

87.     As a result of Defendant Eyal Baror's conduct in violation of the Lanham Act, Stanley Steemer has been injured in the manner of lost sales and/or loss of good will associated with its own services.

88.     As a result of Defendant Eyal Baror's conduct in violation of the Lanham Act, Stanley Steemer is entitled to receive an accounting of, and receive compensation from Defendant Eyal Baror in the form of, all of his profits from the unauthorized use of the "STANLEY STEEMER" marks.

89.     As a result of Defendant Eyal Baror's conduct in violation of the Lanham Act, Stanley Steemer has suffered and will continue to suffer irreparable injury that cannot be adequately compensated by money damages, and which gives rise to injunctive relief to the type sought herein pursuant to 15 U.S.C. § 1116.

90.     As a result of Defendant Eyal Baror's conduct, Stanley Steemer has sustained actual and consequential damages that will be established at trial, and Stanley Steemer is entitled to an award of punitive damages, the exact amount of which to be determined at trial.

## COUNT III
### Against Defendant Eyal Baror
### Trademark Dilution – 15 U.S.C. § 1125(c)

91.     Stanley Steemer repeats, reiterates and realleges each and every allegation contained in the paragraphs numbered "1" through "90" with the same force and effect as if set forth at length herein.

92.     The "STANLEY STEEMER" mark is famous and widely recognized by the general consuming public in the United States as designating the source of Stanley Steemer's carpet cleaning services.

93.     Defendant Eyal Baror's unlawful use of "STANLEY STEEMER", or similar names, in commerce began after the "STANLEY STEEMER" mark became famous and widely recognized by the general consuming public in the United States as designating the source of Stanley Steemer's carpet cleaning services.

94.     Defendant Eyal Baror's unlawful use of "STANLEY STEEMER", or similar names, in commerce has harmed the reputation of, and diluted the distinctive quality of, the famous mark "STANLEY STEEMER" by lessening the capacity of the mark to identify and distinguish the services provided by Stanley Steemer.

17

95. Defendant Eyal Baror has harmed the reputation of, and diluted the distinctive quality of, the famous mark "STANLEY STEEMER" by using the famous mark "STANLEY STEEMER" with his own services, which do not meet the same quality and standards as Stanley Steemer's services.

96. Defendant Eyal Baror's aforesaid conduct constitutes trademark dilution in violation of 15 U.S.C. § 1125(c), and at all relevant times, such conduct is and has been willful, malicious and in conscious disregard of Stanley Steemer's rights under the Lanham Act as the owner of the mark "STANLEY STEEMER".

97. As a result of Defendant Eyal Baror's conduct in violation of the Lanham Act, Stanley Steemer has been injured in the manner of lost sales and/or loss of good will associated with its own services.

98. As a result of Defendant Eyal Baror's conduct in violation of the Lanham Act, Stanley Steemer is entitled to receive an accounting of, and receive compensation from Defendant Eyal Baror in the form of, all of his profits from the unauthorized use of the "STANLEY STEEMER" marks.

99. As a result of Defendant Eyal Baror's conduct in violation of the Lanham Act, Stanley Steemer has suffered and will continue to suffer irreparable injury that cannot be adequately compensated by money damages, and which gives rise to injunctive relief to the type sought herein pursuant to 15 U.S.C. § 1116.

100. As a result of Defendant Eyal Baror's conduct, Stanley Steemer has sustained actual and consequential damages that will be established at trial, and Stanley Steemer is entitled to an award of punitive damages, the exact amount of which to be determined at trial.

## COUNT IV
### Against Defendant Eyal Baror
### False Advertising and Unfair Competition –
### 15 U.S.C. § 1125(a)(1)(B)

101.     Stanley Steemer repeats, reiterates and realleges each and every allegation contained in the paragraphs numbered "1" through "100" with the same force and effect as if set forth at length herein.

102.     Stanley Steemer is the owner of the valid and legally protectable word mark, "STANLEY STEEMER".

103.     Stanley Steemer uses the "STANLEY STEEMER" marks to identify, advertise, promote, publicize and market Stanley Steemer and its services.

104.     Defendant Eyal Baror has made material false statements about his services in commerce, which have deceived and mislead the public with regard to the nature and characteristics of his services, in that Defendant Eyal Baror is using "STANLEY STEEMER", or similar names, in connection with the advertising, promoting, publicizing and marketing of the Defendant Eyal Baror's carpet cleaning services.

105.     Defendant Eyal Baror has used and continues to use "STANLEY STEEMER", or similar names, to advance, grow and develop his business and to destroy, harm and interfere with Stanley Steemer's business.

106.     Defendant Eyal Baror's aforesaid conduct constitutes false advertising and unfair competition in violation of 15 U.S.C. § 1125(a)(1)(B), and at all relevant times, such conduct is and has been willful, malicious and in conscious disregard of Stanley Steemer's rights under the Lanham Act as the owner of the word mark "STANLEY STEEMER".

107.    As a result of Defendant Eyal Baror's conduct in violation of the Lanham Act, Stanley Steemer has been injured in the manner of lost sales and/or loss of good will associated with its own services.

108.    As a result of Defendant Eyal Baror's conduct in violation of the Lanham Act, Stanley Steemer is entitled to receive an accounting of, and receive compensation from Defendant Eyal Baror in the form of, all of his profits from the unauthorized use of the "STANLEY STEEMER" marks.

109.    As a result of Defendant Eyal Baror's conduct in violation of the Lanham Act, Stanley Steemer has suffered and will continue to suffer irreparable injury that cannot be adequately compensated by money damages, and which gives rise to injunctive relief to the type sought herein pursuant to 15 U.S.C. § 1116.

110.    As a result of Defendant Eyal Baror's conduct, Stanley Steemer has sustained actual and consequential damages that will be established at trial, and Stanley Steemer is entitled to an award of punitive damages, the exact amount of which to be determined at trial.

### COUNT V
### Against Defendant Eyal Baror
### Trademark Infringement and Unfair Competition
### under New York General Business Law § 360-k

111.    Stanley Steemer repeats, reiterates and realleges each and every allegation contained in the paragraphs numbered "1" through "110" with the same force and effect as if set forth at length herein.

112.    Stanley Steemer is the owner of the valid and legally protectable word mark, "STANLEY STEEMER".

113.    "STANLEY STEEMER" has been federally registered and is incontestable.

114.   Defendant Eyal Baror has used, and continues to use, "STANLEY STEEMER", or similar names, in advertisements and marketing of carpet cleaning services.

115.   Defendant Eyal Baror's continued unauthorized use of "STANLEY STEEMER", or similar names, is designed to cause, and will likely cause, customer confusion with Stanley Steemer and its services, as Defendant Eyal Baror does not have the right to use "STANLEY STEEMER" and such use infringes on the registered mark "STANLEY STEEMER".

116.   Defendant Eyal Baror's continued unauthorized use of "STANLEY STEEMER", or similar names, is designed to cause, and will likely cause, customers to mistakenly retain Defendant Eyal Baror to perform services when such customers believe that they are actually retaining Stanley Steemer.

117.   Defendant Eyal Baror's continued unauthorized use of "STANLEY STEEMER", or similar names, is intentionally and wrongfully deceiving customers into believing that they are retaining Stanley Steemer to perform services when they are actually retaining Defendant Eyal Baror.

118.   Defendant Eyal Baror's activities as stated herein constitute infringement of Stanley Steemer's rights in the "STANLEY STEEMER" marks and unfair competition in violation of New York General Business Law § 360-k.

119.   As a result of Defendant Eyal Baror's conduct, Stanley Steemer has been injured in the manner of lost sales and/or loss of good will associated with its own services.

120.   As a result of Defendant Eyal Baror's conduct, Stanley Steemer is entitled to receive an accounting of, and receive compensation from Defendant Eyal Baror in the form of, all of his profits from the unauthorized use of the "STANLEY STEEMER" marks.

121.    As a result of Defendant Eyal Baror's conduct, Stanley Steemer has suffered and will continue to suffer irreparable injury that cannot be adequately compensated by money damages, and which gives rise to injunctive relief.

122.    As a result of Defendant Eyal Baror's conduct, Stanley Steemer has sustained actual and consequential damages that will be established at trial, and Stanley Steemer is entitled to an award of punitive damages, the exact amount of which to be determined at trial.

## COUNT VI
### Against Defendant Eyal Baror
### Trademark Infringement and Unfair Competition
### under Common Law

123.    Stanley Steemer repeats, reiterates and realleges each and every allegation contained in the paragraphs numbered "1" through "122" with the same force and effect as if set forth at length herein.

124.    Stanley Steemer is the owner of the valid and legally protectable word mark, "STANLEY STEEMER".

125.    "STANLEY STEEMER" has been federally registered and is incontestable.

126.    Defendant Eyal Baror has used, and continues to use, "STANLEY STEEMER", or similar names, in advertisements and marketing of carpet cleaning services.

127.    Defendant Eyal Baror's continued unauthorized use of "STANLEY STEEMER", or similar names, is designed to cause, and will likely cause, customer confusion with Stanley Steemer and its services, as Defendant Eyal Baror does not have the right to use "STANLEY STEEMER" and such use infringes on the registered mark "STANLEY STEEMER".

128.    Defendant Eyal Baror's continued unauthorized use of "STANLEY STEEMER", or similar names, is designed to cause, and will likely cause, customers to mistakenly retain

Defendant Eyal Baror to perform services when such customers believe that they are actually retaining Stanley Steemer.

129. Defendant Eyal Baror's continued unauthorized use of "STANLEY STEEMER", or similar names, is intentionally and wrongfully deceiving customers into believing that they are retaining Stanley Steemer to perform services when they are actually retaining Defendant Eyal Baror.

130. Defendant Eyal Baror's conduct relating to his continued unauthorized use of "STANLEY STEEMER", or similar names, is and has been willful, malicious, in bad faith and in conscious disregard of Stanley Steemer's rights and has caused customer confusion between Stanley Steemer and its services and Defendant Eyal Baror and his services.

131. Defendant Eyal Baror's activities as stated herein constitute infringement of Stanley Steemer's rights in the "STANLEY STEEMER" marks and unfair competition in violation of New York common law.

132. As a result of Defendant Eyal Baror's conduct, Stanley Steemer has been injured in the manner of lost sales and/or loss of good will associated with its own services.

133. As a result of Defendant Eyal Baror's conduct, Stanley Steemer has suffered and will continue to suffer irreparable injury that cannot be adequately compensated by money damages, and which gives rise to injunctive relief.

134. As a result of Defendant Eyal Baror's conduct, Stanley Steemer has sustained actual and consequential damages that will be established at trial, and Stanley Steemer is entitled to an award of punitive damages, the exact amount of which to be determined at trial.

## COUNT VII
### Against Defendant Eyal Baror
### False Designation of Origin under
### New York General Business Law § 360-k

135.   Stanley Steemer repeats, reiterates and realleges each and every allegation contained in the paragraphs numbered "1" through "134" with the same force and effect as if set forth at length herein.

136.   Stanley Steemer is the owner of the valid and legally protectable word mark, "STANLEY STEEMER".

137.   Stanley Steemer uses the "STANLEY STEEMER" mark to identify, advertise, promote, publicize and market Stanley Steemer and its services.

138.   Defendant Eyal Baror is using "STANLEY STEEMER", or similar names, in connection with identifying, advertising, promoting, publicizing and marketing his carpet cleaning services.

139.   Defendant Eyal Baror has used and continues to use "STANLEY STEEMER", or similar names, to advance, grow and develop his business and to destroy, harm and interfere with Stanley Steemer's business.

140.   Defendant Eyal Baror's use of "STANLEY STEEMER", or similar names, is designed to cause, and will likely cause, customer confusion, mistake or deception as to the origin, sponsorship or approval of Defendant Eyal Baror's services, given the use of "STANLEY STEEMER", or similar names, by Defendant Eyal Baror and the similar nature of the services provided by both Stanley Steemer and Defendant Eyal Baror.

141.   Defendant Eyal Baror's activities as stated herein constitute false designation of origin of the "STANLEY STEEMER" mark in violation of New York General Business Law § 360-k.

142.    As a result of Defendant Eyal Baror's conduct, Stanley Steemer has been injured in the manner of lost sales and/or loss of good will associated with its own services.

143.    As a result of Defendant Eyal Baror's conduct, Stanley Steemer is entitled to receive an accounting of, and receive compensation from Defendant Eyal Baror in the form of, all of his profits from the unauthorized use of the "STANLEY STEEMER" marks.

144.    As a result of Defendant Eyal Baror's conduct, Stanley Steemer has suffered and will continue to suffer irreparable injury that cannot be adequately compensated by money damages, and which gives rise to injunctive relief.

145.    As a result of Defendant Eyal Baror's conduct, Stanley Steemer has sustained actual and consequential damages that will be established at trial, and Stanley Steemer is entitled to an award of punitive damages, the exact amount of which to be determined at trial.

**COUNT VIII**
**Against Defendant Eyal Baror**
**Trademark Dilution and Unfair Competition**
**under New York General Business Law § 360-l**

146.    Stanley Steemer repeats, reiterates and realleges each and every allegation contained in the paragraphs numbered "1" through "145" with the same force and effect as if set forth at length herein.

147.    Defendant Eyal Baror's activities as stated herein constitute trademark dilution and unfair competition in violation of New York General Business Law § 360-l, in that they have caused dilution of the distinctive quality of "STANLEY STEEMER", all to the irreparable injury to and damage of Stanley Steemer.

148.    "STANLEY STEEMER" is a distinctive and famous mark, and was so on or before the improper use by Defendant Eyal Baror.

149.    Defendant Eyal Baror's activities have lessened the capacity and have caused the dilution of "STANLEY STEEMER" to identify and to distinguish the services provided by Stanley Steemer and the services provided by Defendant Eyal Baror.

150.    As a result of Defendant Eyal Baror's conduct, Stanley Steemer has been injured in the manner of lost sales and/or loss of good will associated with its own services.

151.    As a result of Defendant Eyal Baror's conduct, Stanley Steemer has suffered and will continue to suffer irreparable injury that cannot be adequately compensated by money damages, and which gives rise to injunctive relief.

### COUNT IX
### Against Defendant Eyal Baror
### False Advertising under
### New York General Business Law § 350

152.    Stanley Steemer repeats, reiterates and realleges each and every allegation contained in the paragraphs numbered "1" through "151" with the same force and effect as if set forth at length herein.

153.    Stanley Steemer is the owner of the valid and legally protectable word mark, "STANLEY STEEMER".

154.    Stanley Steemer uses the "STANLEY STEEMER" marks to identify, advertise, promote, publicize and market Stanley Steemer and its services.

155.    Defendant Eyal Baror has made material false statements about his services in commerce, which have deceived and mislead the public with regard to the nature and characteristics of his services, in that Defendant Eyal Baror is using "STANLEY STEEMER", or similar names, in connection with the advertising, promoting, publicizing and marketing of the Defendant Eyal Baror's carpet cleaning services.

156.     Defendant Eyal Baror has used and continues to use "STANLEY STEEMER", or similar names, to advance, grow and develop his business and to destroy, harm and interfere with Stanley Steemer's business.

157.     Defendant Eyal Baror's activities as stated herein constitute false advertising in violation of New York General Business Law § 350.

158.     As a result of Defendant Eyal Baror's conduct, Stanley Steemer has been injured in the manner of lost sales and/or loss of good will associated with its own services.

159.     As a result of Defendant Eyal Baror's conduct, Stanley Steemer has suffered and will continue to suffer irreparable injury that cannot be adequately compensated by money damages, and which gives rise to injunctive relief.

160.     As a result of Defendant Eyal Baror's conduct, Stanley Steemer has sustained actual and consequential damages that will be established at trial, and Stanley Steemer is entitled to an award of punitive damages, the exact amount of which to be determined at trial.

**COUNT X**
**Against Defendant Eyal Baror**
**Deceptive Acts and Practices under**
**New York General Business Law §§ 133 and 349**

161.     Stanley Steemer repeats, reiterates and realleges each and every allegation contained in the paragraphs numbered "1" through "160" with the same force and effect as if set forth at length herein.

162.     The aforementioned activities of Defendant Eyal Baror constitute deceptive acts and practices in violation of New York General Business Law §§ 133 and 349.

163.     Upon information and belief, Defendant Eyal Baror has made material false statements about his services in commerce, which have deceived and mislead the public with regard to the nature of his services, in that Defendant Eyal Baror is using "STANLEY

STEEMER", or similar names, in connection with the advertising, promoting, publicizing and marketing of his carpet cleaning services.

164.    Upon information and belief, such material false statements were made by Defendant Eyal Baror by word of mouth, telephone directories, the internet and other forms of advertising and communications to the public at large.

165.    Reasonable consumers would have, and may have, believed Defendant Eyal Baror's material false statements.

166.    Defendant Eyal Baror's false statements hereinbefore referenced substantially affect the public at large, inasmuch as Defendant Eyal Baror engaged in advertising practices of a recurring nature and such advertising was part of a greater conspiracy to obtain business that was intended to be given to Stanley Steemer and would otherwise be undertaken by Stanley Steemer, all of which has a negative effect on competition and consumer trust.

167.    Upon information and belief, Defendant Eyal Baror willfully, knowingly and in bad faith engaged in deceptive and false advertising.

168.    Such actions on the part of Defendant Eyal Baror represent violations of New York General Business Law §§ 133 and 349.

169.    As a result of Defendant Eyal Baror's conduct, Stanley Steemer has suffered and will continue to suffer irreparable injury that cannot be adequately compensated by money damages, and which gives rise to injunctive relief.

170.    As a result of Defendant Eyal Baror's conduct, Stanley Steemer has sustained actual and consequential damages that will be established at trial, and Stanley Steemer is entitled to an award of punitive damages, the exact amount of which to be determined at trial.

## COUNT XI
### Against Defendant Eyal Baror
### Unjust Enrichment

171.    Stanley Steemer repeats, reiterates and realleges each and every allegation contained in the paragraphs numbered "1" through "170" with the same force and effect as if set forth at length herein.

172.    Upon information and belief, Defendant Eyal Baror intentionally, willfully and knowingly used, and continues to use, the "STANLEY STEEMER" marks, or similar names, to obtain business from customers that was intended to be given to Stanley Steemer and would otherwise be undertaken by Stanley Steemer.

173.    Defendant Eyal Baror's unlawful use of "STANLEY STEEMER", or similar names, has resulted in, and continues to result in, Defendant Eyal Baror obtaining business from customers that was intended to be given to Stanley Steemer and would otherwise be undertaken by Stanley Steemer.

174.    Defendant Eyal Baror has been unjustly enriched at the cost, expense and detriment of Stanley Steemer.

175.    As a result of Defendant Eyal Baror's conduct, Stanley Steemer has been injured in the manner of lost sales and/or loss of good will associated with its own services.

176.    As a result of Defendant Eyal Baror's conduct, Stanley Steemer has sustained actual and consequential damages that will be established at trial, and Stanley Steemer is entitled to an award of punitive damages, the exact amount of which to be determined at trial

## COUNT XII
### Against Defendant Eyal Baror
**Tortious Interference with Prospective Economic Advantage**

177.    Stanley Steemer repeats, reiterates and realleges each and every allegation contained in the paragraphs numbered "1" through "176" with the same force and effect as if set forth at length herein.

178.    Upon information and belief, Defendant Eyal Baror intentionally, willfully and knowingly used, and continues to use, the "STANLEY STEEMER" marks, or similar names, to obtain business from customers that was intended to be given to Stanley Steemer and would otherwise be undertaken by Stanley Steemer.

179.    Upon information and belief, Defendant Eyal Baror's misrepresentations to Stanley Steemer's prospective customers that he was Stanley Steemer, or a company related to Stanley Steemer, prevented the customers from entering into contracts with Stanley Steemer for it to perform the customer's carpet cleaning services.

180.    As a result of Defendant Eyal Baror's conduct, Stanley Steemer has been injured in the manner of lost sales and/or loss of good will associated with its own services.

181.    As a result of Defendant Eyal Baror's conduct, Stanley Steemer has sustained actual and consequential damages that will be established at trial, and Stanley Steemer is entitled to an award of punitive damages, the exact amount of which to be determined at trial.

## COUNT XIII
### Against Defendants Affordable Carpet and S.H. Carpet
**Contributory Trademark Infringement – 15 U.S.C. § 1114**

182.    Stanley Steemer repeats, reiterates and realleges each and every allegation contained in the paragraphs numbered "1" through "181" with the same force and effect as if set forth at length herein.

183. Defendants Affordable Carpet and S.H. Carpet are providers of carpet cleaning services in the New York City and Long Island areas.

184. Defendants Affordable Carpet and S.H. Carpet were retained by Defendant Eyal Baror to perform carpet cleaning services for customers in the New York City and Long Island areas.

185. Defendant Eyal Baror obtained such customers as a result of his listing of names and telephone numbers in various hard copy and on-line directories that were infringing upon the "STANLEY STEEMER" registered marks.

186. Upon information and belief, the customers for whom Defendants Affordable Carpet and S.H. Carpet were performing carpet cleaning services believed that they had retained Stanley Steemer for such carpet cleaning services.

187. Defendants Affordable Carpet and S.H. Carpet knew, had reason to know or should have known that Defendant Eyal Baror was listing names and telephone numbers in various hard copy and on-line directories to infringe, or would be listing names and telephone numbers to infringe, upon Stanley Steemer's trademarks.

188. Stanley Steemer, through its investigator, provided Defendants Affordable Carpet and S.H. Carpet with notice of specific instances of infringement by Defendant Eyal Baror where Defendants Affordable Carpet and S.H. Carpet were performing carpet cleaning services as a result of the listing of names and telephone numbers by Defendant Eyal Baror in directories that infringed upon Stanley Steemer's trademarks.

189. Defendants Affordable Carpet and S.H. Carpet have continued to provide carpet cleaning services for Defendant Eyal Baror after they knew, had reason to know or should have known that Defendant Eyal Baror was obtaining, and would be obtaining, customers from the

listing of names and telephone numbers in various hard copy and on-line directories that infringe upon Stanley Steemer's trademarks.

190. Defendants Affordable Carpet and S.H. Carpet have the ability and authority to cease performing carpet cleaning services for Defendant Eyal Baror which were obtained from the infringement of Stanley Steemer's trademarks, but they have failed to do so.

191. Without the continuation of the carpet cleaning services of Defendants Affordable Carpet and S.H. Carpet, Defendant Eyal Baror would be unable to continue his infringement of Stanley Steemer's trademarks.

192. Defendant Affordable Carpet's and Defendant S.H. Carpet's aforesaid conduct constitutes contributory trademark infringement in violation of 15 U.S.C. § 1114.

193. As a result of Defendant Affordable Carpet's and Defendant S.H. Carpet's conduct in violation of the Lanham Act, Stanley Steemer has been injured in the manner of lost sales and/or loss of good will associated with its own services.

194. As a result of Defendant Affordable Carpet's and Defendant S.H. Carpet's conduct in violation of the Lanham Act, Stanley Steemer has suffered and will continue to suffer irreparable injury that cannot be adequately compensated by money damages, and which gives rise to injunctive relief to the type sought herein pursuant to 15 U.S.C. § 1116.

195. Stanley Steemer is entitled to an injunction directing Defendants Affordable Carpet and S.H. Carpet to cease performing carpet cleaning services for Defendant Eyal Baror, or for any other individual or entity, where the services arise out of the listing of names and telephone numbers in various hard copy and on-line directories that infringe upon Stanley Steemer's trademarks.

196.   As a result of Defendant Affordable Carpet's and Defendant S.H. Carpet's conduct, Stanley Steemer has sustained actual and consequential damages that will be established at trial.

## COUNT XIV
### Against Defendants Affordable Carpet and S.H. Carpet
### Contributory Trademark Infringement under Common Law

197.   Stanley Steemer repeats, reiterates and realleges each and every allegation contained in the paragraphs numbered "1" through "196" with the same force and effect as if set forth at length herein.

198.   Defendants Affordable Carpet and S.H. Carpet are providers of carpet cleaning services in the New York City and Long Island areas.

199.   Defendants Affordable Carpet and S.H. Carpet were retained by Defendant Eyal Baror to perform carpet cleaning services for customers in the New York City and Long Island areas.

200.   Defendant Eyal Baror obtained such customers as a result of his listing of names and telephone numbers in various hard copy and on-line directories that were infringing upon the "STANLEY STEEMER" registered marks.

201.   Upon information and belief, the customers for whom Defendants Affordable Carpet and S.H. Carpet were performing carpet cleaning services believed that they had retained Stanley Steemer for such carpet cleaning services.

202.   Defendants Affordable Carpet and S.H. Carpet knew, had reason to know or should have known that Defendant Eyal Baror was listing names and telephone numbers in various hard copy and on-line directories to infringe, or would be listing names and telephone numbers to infringe, upon Stanley Steemer's trademarks.

203. Stanley Steemer, through its investigator, provided Defendants Affordable Carpet and S.H. Carpet with notice of specific instances of infringement by Defendant Eyal Baror where Defendants Affordable Carpet and S.H. Carpet were performing carpet cleaning services as a result of the listing of names and telephone numbers by Defendant Eyal Baror in directories that infringed upon Stanley Steemer's trademarks.

204. Defendants Affordable Carpet and S.H. Carpet have continued to provide carpet cleaning services for Defendant Eyal Baror after they knew, had reason to know or should have known that Defendant Eyal Baror was obtaining, and would be obtaining, customers from the listing of names and telephone numbers in various hard copy and on-line directories that infringe upon Stanley Steemer's trademarks.

205. Defendants Affordable Carpet and S.H. Carpet have the ability and authority to cease performing carpet cleaning services for Defendant Eyal Baror which were obtained from the infringement of Stanley Steemer's trademarks, but they have failed to do so.

206. Without the continuation of the carpet cleaning services of Defendants Affordable Carpet and S.H. Carpet, Defendant Eyal Baror would be unable to continue his infringement of Stanley Steemer's trademarks.

207. Defendant Affordable Carpet's and Defendant S.H. Carpet's aforesaid conduct constitutes contributory trademark infringement in violation of New York common law.

208. As a result of Defendant Eyal Baror's conduct, Stanley Steemer has been injured in the manner of lost sales and/or loss of good will associated with its own services.

209. As a result of Defendant Eyal Baror's conduct, Stanley Steemer has suffered and will continue to suffer irreparable injury that cannot be adequately compensated by money damages, and which gives rise to injunctive relief.

210.   Stanley Steemer is entitled to an injunction directing Defendants Affordable Carpet and S.H. Carpet to cease performing carpet cleaning services for Defendant Eyal Baror, or for any other individual or entity, where the services arise out of the listing of names and telephone numbers in various hard copy and on-line directories that infringe upon Stanley Steemer's trademarks.

211.   As a result of Defendant Eyal Baror's conduct, Stanley Steemer has sustained actual and consequential damages that will be established at trial.

WHEREFORE, Plaintiff Stanley Steemer International, Inc. requests that the Court enter judgment against Defendants Eyal Baror, Affordable Carpet and Upholstery Cleaning, Inc. and S.H. Quality Carpet Cleaning, Inc. a/k/a S.H. Carpet & Upholstery Cleaning as follows:

    a.   On Count I against Defendant Eyal Baror, (i) actual and consequential damages that will be established at trial, (ii) an award of punitive damages, the exact amount of which to be determined at trial, (iii) an accounting and disgorgement of profits, and (iv) preliminary and permanent injunctive relief;

    b.   On Count II against Defendant Eyal Baror, (i) actual and consequential damages that will be established at trial, (ii) an award of punitive damages, the exact amount of which to be determined at trial, (iii) an accounting and disgorgement of profits, and (iv) preliminary and permanent injunctive relief;

    c.   On Count III against Defendant Eyal Baror, (i) actual and consequential damages that will be established at trial, (ii) an award of punitive damages, the exact amount of which to be determined at trial, (iii) an accounting and disgorgement of profits, and (iv) preliminary and permanent injunctive relief;

    d.   On Count IV against Defendant Eyal Baror, (i) actual and consequential damages that will be established at trial, (ii) an award of punitive damages, the exact amount of which to be determined at trial, (iii) an accounting and disgorgement of profits, and (iv) preliminary and permanent injunctive relief;

    e.   On Count V against Defendant Eyal Baror, (i) actual and consequential damages that will be established at trial, (ii) an

award of punitive damages, the exact amount of which to be determined at trial, (iii) an accounting and disgorgement of profits, and (iv) preliminary and permanent injunctive relief;

f.   On Count VI against Defendant Eyal Baror, (i) actual and consequential damages that will be established at trial, (ii) an award of punitive damages, the exact amount of which to be determined at trial, and (iii) preliminary and permanent injunctive relief;

g.   On Count VII against Defendant Eyal Baror, (i) actual and consequential damages that will be established at trial, (ii) an award of punitive damages, the exact amount of which to be determined at trial, (iii) an accounting and disgorgement of profits, and (iv) preliminary and permanent injunctive relief;

h.   On Count VIII against Defendant Eyal Baror, preliminary and permanent injunctive relief;

i.   On Count IX against Defendant Eyal Baror, (i) actual and consequential damages that will be established at trial, (ii) an award of punitive damages, the exact amount of which to be determined at trial, and (iii) preliminary and permanent injunctive relief;

j.   On Count X against Defendant Eyal Baror, (i) actual and consequential damages that will be established at trial, (ii) an award of punitive damages, the exact amount of which to be determined at trial, and (iii) preliminary and permanent injunctive relief;

k.   On Count XI against Defendant Eyal Baror, (i) actual and consequential damages that will be established at trial and (ii) an award of punitive damages, the exact amount of which to be determined at trial;

l.   On Count XII against Defendant Eyal Baror, (i) actual and consequential damages that will be established at trial and (ii) an award of punitive damages, the exact amount of which to be determined at trial;

m.   On Count XIII against Defendants Affordable Carpet and S.H. Carpet, (i) actual and consequential damages that will be established at trial and (ii) preliminary and permanent injunctive relief directing Defendants Affordable Carpet and S.H. Carpet to cease performing carpet cleaning services for Defendant Eyal Baror, or for any other

individual or entity, where the services arise out of the listing of names and telephone numbers in various hard copy and on-line directories that infringe upon Stanley Steemer's trademarks;

n. On Count XIV against Defendants Affordable Carpet and S.H. Carpet, (i) actual and consequential damages that will be established at trial and (ii) preliminary and permanent injunctive relief directing Defendants Affordable Carpet and S.H. Carpet to cease performing carpet cleaning services for Defendant Eyal Baror, or for any other individual or entity, where the services arise out of the listing of names and telephone numbers in various hard copy and on-line directories that infringe upon Stanley Steemer's trademarks; and

o. An order awarding Plaintiff its reasonable attorneys' fees and costs, together with such other and further relief as this Court may deem just, proper and equitable under the circumstances.

Dated: Uniondale, New York
        April 2, 2015

Respectfully submitted,

RIVKIN RADLER LLP

David S. Wilck (DSW-8873)
Jason B. Gurdus (JG-3293)
926 RXR Plaza
Uniondale, New York 11556-0926
(516) 357-3000
david.wilck@rivkin.com
jason.gurdus@rivkin.com

Attorneys for Plaintiff
STANLEY STEEMER
INTERNATIONAL, INC.

3144193 v1

37

EXHIBIT   A

Int. Cl.: 7

Prior U.S. Cl.: 23

## United States Patent Office

Reg. No. 996,362
Registered Oct. 22, 1974

## TRADEMARK
Principal Register

# STANLEY STEEMER

Jack Bates Carpet Cleaning Co. (Ohio corporation)
1000 Dublin Road
Columbus, Ohio   45215

For: CARPET CLEANING MACHINES, in CLASS
23 (INT. CL. 7).
First use Jan. 15, 1972; in commerce Jan. 15, 1972.
Applicant disclaims the word "Steemer" separate and
apart from the mark as shown, without prejudice to its
common law rights therein.

Ser. No. 445,229, filed Jan. 5, 1973.

CHARLES R. FOWLER, Supervisory Examiner
G. D. KRUGMAN, Examiner

# EXHIBIT   B

Int. Cl.: 37, 42

Prior U.S. Cl.: 100, 103

## United States Patent Office

Reg. No. 1,006,675
Registered Mar. 11, 1975

### SERVICE MARK
Principal Register

# STANLEY STEEMER

Jack Bates Carpet Cleaning Co. (Ohio corporation)
1000 Dublin Road
Columbus, Ohio 43215

For: RENTING OF CARPET CLEANING MA-
CHINES, in CLASS 100 (INT. CL. 42).

For: CARPET CLEANING SERVICES, in CLASS
102 (INT. CL. 37).

First use January 1972; in commerce September 1972.

Applicant disclaims the word "Steemer" separate and
apart from the mark as shown, without prejudice to its
common-law rights therein.

Ser. No. 456,526, filed May 4, 1973.

CHARLES R. FOWLER, Supervisory Examiner
GARY D. KRUGMAN, Examiner

# EXHIBIT   C

Int. Cl.: 3

Prior U.S. Cl.: 52

## United States Patent and Trademark Office

Reg. No. 1,406,382
Registered Aug. 26, 1986

### TRADEMARK
### PRINCIPAL REGISTER

## STANLEY STEEMER

STANLEY STEEMER INTERNATIONAL, INC.
(OHIO CORPORATION)
5500 STANLEY STEEMER PARKWAY
DUBLIN, OH 43017

FOR: CLEANER AND SPOT REMOVER FOR
CARPETS AND UPHOLSTERY SOLD IN CON-
NECTION WITH CARPET CLEANING SERV-
ICES, IN CLASS 3 (U.S. CL. 52).

FIRST USE 11-1-1982; IN COMMERCE
11-1-1982.

OWNER OF U.S. REG. NOS. 996,362, 1,225,355
AND OTHERS.

SER. NO. 423,521. FILED 4-28-1983.

E. P. HARAB, EXAMINING ATTORNEY

# EXHIBIT   D

Int. Cl.: 37

Prior U.S. Cl.: 103

Reg. No. 1,694,865

**United States Patent and Trademark Office**   Registered June 16, 1992

## SERVICE MARK
### PRINCIPAL REGISTER

## STANLEY STEEMER

STANLEY STEEMER INTERNATIONAL, INC.
(OHIO CORPORATION)
5500 STANLEY STEEMER PARKWAY
DUBLIN, OH 43017

FOR: UPHOLSTERY CLEANING SERVICES, IN CLASS 37 (U.S. CL. 103).
FIRST USE 0-0-1979; IN COMMERCE 0-0-1979

OWNER OF U.S. REG. NOS. 1,006,675, 1,007,173 AND OTHERS.
NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "STEEMER", APART FROM THE MARK AS SHOWN.

SER. NO. 74-157,931, FILED 4-17-1991.

MICHAEL MASON, EXAMINING ATTORNEY

EXHIBIT E

Int. Cl.: 37

Prior U.S. Cls.: 100, 103 and 106

Reg. No. 2,274,323

## United States Patent and Trademark Office

Registered Aug. 31, 1999

### SERVICE MARK
### PRINCIPAL REGISTER

## STANLEY STEEMER

STANLEY STEEMER INTERNATIONAL, INC.
(OHIO CORPORATION)
5500 STANLEY STEEMER PARKWAY
DUBLIN, OH 43017

FOR: DUCT CLEANING SERVICES, IN
CLASS 37 (U.S. CLS. 100, 103 AND 106).
FIRST USE 5-1-1998; IN COMMERCE
5-1-1998.

OWNER OF U.S. REG. NOS. 996,362, 1,694,865
AND OTHERS.

SER. NO. 75-520,485, FILED 7-17-1998.

LINDA MICKLEBURGH, EXAMINING ATTOR-
NEY

# EXHIBIT  F

Int. Cls.: 35 and 37

Prior U.S. Cls.: 100, 101, 102, 103 and 106

Reg. No. 2,442,125

## United States Patent and Trademark Office
Registered Apr. 10, 2001

### SERVICE MARK
PRINCIPAL REGISTER

## STANLEY STEEMER

STANLEY STEEMER INTERNATIONAL, INC. (OHIO CORPORATION)
5500 STANLEY STEEMER PARKWAY
DUBLIN, OH 43016

FOR: RETAIL STORE SERVICES AND RETAIL DOOR TO DOOR SERVICES, NAMELY FOR CARPET, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 5-0-1995; IN COMMERCE 5-0-1995.

FOR: INSTALLATION OF CARPET, IN CLASS 37 (U.S. CLS. 100, 103 AND 106).

FIRST USE 5-0-1995; IN COMMERCE 5-0-1995.

OWNER OF U.S. REG. NOS. 996,362, 1,406,382 AND OTHERS.

SER. NO. 75-802,645, FILED 9-17-1999.

DAVID H. STINE, EXAMINING ATTORNEY

# EXHIBIT   G

Int. Cl.: 37

Prior U.S. Cls.: 100, 103 and 106

United States Patent and Trademark Office

Reg. No. 2,871,734
Registered Aug. 10, 2004

## SERVICE MARK
### PRINCIPAL REGISTER

## STANLEY STEEMER

STANLEY STEEMER INTERNATIONAL, INC.
(OHIO CORPORATION)
5500 STANLEY STEEMER PARKWAY
DUBLIN, OH 43016

FOR: INSTALLATION, REPAIR, MAINTENANCE
AND CLEANING OF HEATING, VENTILATING
AND AIR CONDITIONING SYSTEMS, IN CLASS 37
(U.S. CLS. 100, 103 AND 106).

FIRST USE 6-1-2003; IN COMMERCE 6-1-2003.

OWNER OF U.S. REG. NOS. 996,362, 2,442,125 AND
OTHERS.

SER. NO. 78-279,916, FILED 7-28-2003.

SHARON MEIER, EXAMINING ATTORNEY

# EXHIBIT   H

Int. Cl.: 37

Prior U.S. Cls.: 100, 103 and 106

**United States Patent and Trademark Office**

Reg. No. 3,182,239
Registered Dec. 12, 2006

## SERVICE MARK
### PRINCIPAL REGISTER



STANLEY STEEMER INTERNATIONAL, INC.
(OHIO CORPORATION)
5500 STANLEY STEEMER PARKWAY
DUBLIN, OH 43017

FOR: CARPET AND UPHOLSTERY CLEANING; INSTALLATION, REPAIR, MAINTENANCE AND CLEANING OF HEATING, VENTILATING AND AIR CONDITIONING SYSTEMS; HARDWOOD FLOOR REFINISHING; TILE AND GROUT CLEANING; WATER DAMAGE RESTORATION IN THE NATURE OF CLEANING SERVICES, IN CLASS 37 (U.S. CLS. 100, 103 AND 106).

FIRST USE 0-0-1972; IN COMMERCE 0-0-1972.

OWNER OF U.S. REG. NOS. 1,003,967, 2,871,754 AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CARPET CLEANER", APART FROM THE MARK AS SHOWN.

THE COLOR(S) ORANGE, BLACK AND WHITE IS/ARE CLAIMED AS A FEATURE OF THE MARK.

THE COLOR YELLOW-ORANGE, WHICH IS THE APPROXIMATE EQUIVALENT OF PANTONE MATCHING SYSTEM ' 3 C, APPEARS ON THE ENTIRE SURFACE OF THE VAN DESIGN; THE TIRES, TRIM AND WORDING APPEAR IN THE COLORS BLACK AND WHITE.

THE MARK CONSISTS OF A STYLIZED VAN DESIGN WITH THE WORDING STANLEY STEEMER CARPET CLEANER ON THE SIDE OF THE VAN.

SEC. 2(F) AS TO "STEEMER".

SER. NO. 76-626,860, FILED 1-4-2005.

JAMES GRIFFIN, EXAMINING ATTORNEY

# EXHIBIT I

# United States of America

## United States Patent and Trademark Office

# STANLEY STEEMER

**Reg. No. 3,872,588**
**Registered Nov. 9, 2010**

**Int. Cls.: 3, 7, 27, 35 and 37**

**TRADEMARK**

**SERVICE MARK**

**PRINCIPAL REGISTER**

STANLEY STEEMER INTERNATIONAL, INC. (OHIO CORPORATION)
5500 STANLEY STEEMER PARKWAY
DUBLIN, OH 43016

FOR: UPHOLSTERY, CARPET, TILE AND GROUT CLEANER; SPOT REMOVERS, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 11-1-1982; IN COMMERCE 11-1-1982.

FOR: CARPET CLEANING MACHINES, IN CLASS 7 (U.S. CLS. 13, 19, 21, 23, 31, 34 AND 35).

FIRST USE 1-15-1972; IN COMMERCE 1-15-1972.

FOR: RUGS AND CARPET, IN CLASS 27 (U.S. CLS. 19, 20, 37, 42 AND 50).

FIRST USE 1-31-1999; IN COMMERCE 1-31-1999.

FOR: RETAIL STORE AND RETAIL DOOR TO DOOR SERVICES, NAMELY FOR CARPET, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 5-30-1995; IN COMMERCE 5-30-1995.

FOR: CARPET CLEANING SERVICES; RENTING OF CARPET CLEANING MACHINES; INSTALLATION, REPAIR, MAINTENANCE AND CLEANING OF HEATING, VENTILATING AND AIR CONDITIONING SYSTEMS, HARDWOOD FLOOR REFINISHING, TILE AND GROUT CLEANING, WATER DAMAGE RESTORATION IN THE NATURE OF CLEANING SERVICES, UPHOLSTERY CLEANING SERVICES, INSTALLATION OF CARPET, AND DUCT CLEANING SERVICES, IN CLASS 37 (U.S. CLS. 100, 103 AND 106).

FIRST USE 9-30-1972; IN COMMERCE 9-30-1972.

OWNER OF U.S. REG. NOS. 996,362, 1,406,382 AND OTHERS.

THE MARK CONSISTS OF THE WORDS "STANLEY STEEMER" IN STYLIZED FONT.

SER. NO. 77-942,940, FILED 2-23-2010.

HENRY S. ZAK, EXAMINING ATTORNEY



David J. Kappos

Director of the United States Patent and Trademark Office

# EXHIBIT   J

FILED ELECTRONICALLY/ECF
COURTESY COPY
DOC. NO: 27          DATE: 3/11/13

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
STANLEY STEEMER INTERNATIONAL, INC.,

                        Plaintiff,

         -against-

STANLEY STEAM CARPET CLEANING, STANLY
STEAM CARPET CLEANING, SUNFLOWER
CARPET CLEANING, PAYLESS CARPET USA INC.,
KLINE CARPET CLEANING, MANHATTAN
CARPET CARE, AAA CARPET CLEANING, ABC
RUG CARPET CLEANING, STAINLES STEAMER
CARPET, STANLEE STEEM CARPET, EMPIRE
CARPET CENTER, NY LOCAL CARPET
CLEANERS, SUNFLOWER CARPET RUG &
UPHOLSTERY CLEANING, ELITE UPHOLSTERS
and VERIZON COMMUNICATIONS INC.,

                       Defendants.
-----------------------------------------------------------------X

Civil Action No.  12 CV 1653
(KAM) (VVP)

**AMENDED COMPLAINT**

         Plaintiff Stanley Steemer International, Inc. ("Stanley Steemer"), by its attorneys,

Rivkin Radler LLP, as and for its amended complaint against Defendants Stanley Steam

Carpet Cleaning, Stanly Steam Carpet Cleaning, Sunflower Carpet Cleaning, Payless

Carpet USA Inc., Kline Carpet Cleaning, Manhattan Carpet Care, AAA Carpet Cleaning,

ABC Rug Carpet Cleaning, Stainles Steamer Carpet, Stanlee Steem Carpet, Empire

Carpet Center, NY Local Carpet Cleaners, Sunflower Carpet Rug & Upholstery

Cleaning, Elite Upholsters and Verizon Communications Inc. alleges as follows:

## Parties

1.      Plaintiff Stanley Steemer is incorporated in the State of Ohio having its principal place of business at 5800 Innovation Drive, Dublin, Ohio 43016 and is duly authorized to transact business in the State of New York.

2.      Upon information and belief, Defendant Stanley Steam Carpet Cleaning is a corporation duly organized and existing under the laws of the State of New York, and maintains a place of business at 2225 Benson Avenue, Brooklyn, New York 11214.

3.      Upon information and belief, Defendant Stanley Steam Carpet Cleaning also maintains places of business at the following addresses: (1) 655 Coney Island Avenue, Brooklyn, New York 11218, (2) 8200 Flatlands Avenue, Brooklyn, New York 11236, (3) 8320 15th Avenue, Brooklyn, New York 11228, (4) 1682 Woodhaven Boulevard, Jamaica, New York 11432, (5) 7205 13th Avenue, Brooklyn, New York 11228, (6) 450 Park Avenue, New York, New York 10022, (7) 7549 Metropolitan Avenue, Middle Village, New York 11379, (8) 400 E. 167th Street, Bronx, New York 10456, (9) 28 N. Central Avenue, Hartsdale, New York 10530, (10) 1527 Franklin Avenue, Mineola, New York 11501 and (11) 135 S. Main Street, New City, New York 10956.

4.      Upon information and belief, Defendant Stanly Steam Carpet Cleaning is a corporation duly organized and existing under the laws of the State of New York, and maintains places of business at 7205 13th Avenue, Brooklyn, New York 11228 and 1955 Queens Boulevard, Queens, New York 11374.

5.     Upon information and belief, Defendant Sunflower Carpet Cleaning is a corporation duly organized and existing under the laws of the State of New York, and maintains a place of business at 2225 Benson Avenue, Brooklyn, New York 11214.

6.     Upon information and belief, Defendant Payless Carpet USA Inc. is a corporation duly organized and existing under the laws of the State of New York, and maintains a place of business at 2225 Benson Avenue, Brooklyn, New York 11214.

7.     Upon information and belief, Defendant Payless Carpet USA Inc. also maintains a place of business at 1574 Albany Avenue, Brooklyn, New York.

8.     Upon information and belief, Defendant Kline Carpet Cleaning is a corporation duly organized and existing under the laws of the State of New York, and maintains a place of business at 2225 Benson Avenue, Brooklyn, New York 11214.

9.     Upon information and belief, Defendant Manhattan Carpet Care is a corporation duly organized and existing under the laws of the State of New York, and maintains a place of business at 2225 Benson Avenue, Brooklyn, New York 11214.

10.     Upon information and belief, Defendant AAA Carpet Cleaning is a corporation duly organized and existing under the laws of the State of New York, and maintains a place of business at 2225 Benson Avenue, Brooklyn, New York 11214.

11.     Upon information and belief, Defendant ABC Rug Carpet Cleaning is a corporation duly organized and existing under the laws of the State of New York, and maintains a place of business at 7205 13th Avenue, Brooklyn, New York 11228.

12. Upon information and belief, Defendant Stainles Steamer Carpet is a corporation duly organized and existing under the laws of the State of New York, and maintains a place of business at 7205 13th Avenue, Brooklyn, New York 11228.

13. Upon information and belief, Defendant Stanlee Steem Carpet is a corporation duly organized and existing under the laws of the State of New York, and maintains a place of business at 1574 Albany Avenue, Brooklyn, New York 11210.

14. Upon information and belief, Defendant Empire Carpet Center is a corporation duly organized and existing under the laws of the State of New York, and maintains a place of business at 1574 Albany Avenue, Brooklyn, New York 11210.

15. Upon information and belief, Defendant NY Local Carpet Cleaners is a corporation duly organized and existing under the laws of the State of New York, and maintains a place of business at 1574 Albany Avenue, Brooklyn, New York 11210.

16. Upon information and belief, Defendant NY Local Carpet Cleaners also maintains a place of business at 932 McDonald Avenue, Brooklyn, New York 11218.

17. Upon information and belief, Defendant Sunflower Carpet Rug & Upholstery Cleaning is a corporation duly organized and existing under the laws of the State of New York, and maintains a place of business at 932 McDonald Avenue, Brooklyn, New York 11218.

18. Upon information and belief, Defendant Elite Upholsters is a corporation duly organized and existing under the laws of the State of New York, and maintains a place of business at 932 McDonald Avenue, Brooklyn, New York 11218.

19.     Upon information and belief, many of the above Defendants have common or overlapping addresses for their places of business.

20.     Upon information and belief, Defendant Verizon Communications Inc. ("Verizon") is a corporation duly organized and existing under the laws of the State of New York, and maintains its principal place of business at 140 West Street, New York, New York 10007.

## Jurisdiction and Venue

21.     This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367, as there are federal questions predicated upon the Lanham Act and claims under the laws of the State of New York for which this Court has supplemental jurisdiction.

22.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the parties are of diverse citizenship and the amount in controversy exclusive of costs and interest is in excess of $75,000.

23.     Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391, as Defendants all maintain a place of business, and conduct business, in this District.

## FACTUAL BACKGROUND

A.      **The Business of Stanley Steemer**

24.     Stanley Steemer provides a wide array of residential and commercial cleaning services, including carpet cleaning.

25.     Stanley Steemer has been in business for more than 60 years and maintains over three hundred (300) locations in forty-eight (48) states.

26.     Stanley Steemer is the owner of numerous registrations for the "STANLEY STEEMER" mark relating to Stanley Steemer's goods and services.

27.     On or about October 22, 1974, "STANLEY STEEMER" became a registered word mark (Registration No. 0996362) in connection with carpet cleaning machines with a first use date and a first use in commerce date of January 15, 1972. A copy of the Registration Certificate is attached hereto as Exhibit "A".

28.     On or about March 11, 1975, "STANLEY STEEMER" became a registered word mark (Registration No. 1006675) in connection with carpet cleaning services with a first use date of January 1972 and a first use in commerce date of September 1972. A copy of the Registration Certificate is attached hereto as Exhibit "B".

29.     On or about August 26, 1986, "STANLEY STEEMER" became a registered word mark (Registration No. 1406382) in connection with cleaner and spot remover for carpets and upholstery sold in connection with carpet cleaning services with a first use date of November 1, 1982 and a first use in commerce date of November 1, 1982. A copy of the Registration Certificate is attached hereto as Exhibit "C".

30.     On or about June 16, 1992, "STANLEY STEEMER" became a registered word mark (Registration No. 1694865) in connection with upholstery cleaning services with a first use date of 1979 and a first use in commerce date of 1979. A copy of the Registration Certificate is attached hereto as Exhibit "D".

31.    On or about August 31, 1999, "STANLEY STEEMER" became a registered word and service mark (Registration No. 2274323) in connection with duct cleaning services with a first use date of May 1, 1998 and a first use in commerce date of May 1, 1998. A copy of the Registration Certificate is attached hereto as Exhibit "E".

32.    On or about April 10, 2001, "STANLEY STEEMER" became a registered word and service mark (Registration No. 2442125) in connection with retail store services for carpet with a first use date of May 1995 and a first use in commerce date of May 1995. A copy of the Registration Certificate is attached hereto as Exhibit "F".

33.    On or about August 10, 2004, "STANLEY STEEMER" became a registered word and service mark (Registration No. 2871734) in connection with installation, repair, maintenance and cleaning of heating, ventilating and air conditioning systems with a first use date of June 1, 2003 and a first use in commerce date of June 1, 2003. A copy of the Registration Certificate is attached hereto as Exhibit "G".

34.    On or about December 12, 2006, "STANLEY STEEMER CARPET CLEANER" became a registered word and service mark (Registration No. 3182239) in connection with the use of the mark on vehicles for carpet cleaning related good and services with a first use date of 1972 and a first use in commerce date of 1972.  A copy of the Registration Certificate is attached hereto as Exhibit "H".

35.    On or about November 9, 2010, "STANLEY STEEMER" became a registered word mark (Registration No. 3872588) in connection with carpet cleaning related goods and services with a first use date starting on January 15, 1972 and a first

use in commerce date starting on January 15, 1972. A copy of the Registration Certificate is attached hereto as Exhibit "I".

36.     Stanley Steemer has used and continues to use "STANLEY STEEMER" in interstate commerce to identify, advertise, publicize and market its services.

37.     Stanley Steemer has used and continues to use "STANLEY STEEMER" in interstate commerce on websites, letterhead, advertisements and other materials to identify and promote its services.

38.     By virtue thereof, together with consumer acceptance and recognition, the "STANLEY STEEMER" marks identify the source of the services provided by Stanley Steemer and distinguishes Stanley Steemer from other service providers.

39.     "STANLEY STEEMER" has become and remains a valuable asset symbolizing Stanley Steemer's business, its goodwill and the quality of Stanley Steemer's services.

40.     "STANLEY STEEMER" is a federally registered and valid mark, and prima facie evidence of Stanley Steemer's exclusive right to use the mark in commerce in connection with its services.

## B.     The Activities of Infringing Defendants

41.     In 2011, Stanley Steemer became aware that Defendants Stanley Steam Carpet Cleaning, Stanly Steam Carpet Cleaning, Sunflower Carpet Cleaning, Payless Carpet USA Inc., Kline Carpet Cleaning, Manhattan Carpet Care, AAA Carpet Cleaning, ABC Rug Carpet Cleaning, Stainles Steamer Carpet, Stanlee Steem Carpet, Empire Carpet Center, NY Local Carpet Cleaners, Sunflower Carpet Rug & Upholstery Cleaning

and Elite Upholsters (collectively, the "Infringing Defendants"), and other companies and/or individuals, were, and still are, using the "STANLEY STEEMER" registered marks, or marks and names likely to cause confusion with the "STANLEY STEEMER" registered marks, to advertise, publicize and market their carpet cleaning services.

42.    The Infringing Defendants advertise, publicize and market themselves to customers as Stanley Steemer itself, or entities associated with or related to Stanley Steemer.

43.    In 2011, Stanley Steemer discovered that telephone numbers had been obtained and listed in various hard copy and on-line directories, such as the Yellow Pages, under the almost identical name of "Stanley Steam" and other similar names. Upon information and belief, the Infringing Defendants have purchased, listed and/or obtained such telephone numbers in hard copy and on-line directories.

44.    In 2011, Stanley Steemer discovered that the 411 directory assistance service provided telephone numbers for entities with the names of "Stanley Steam Carpet" and "Stanlee Steem Carpet" which had no connection to Stanley Steemer. Upon information and belief, the Infringing Defendants have purchased, listed and/or obtained such telephone numbers with the 411 directory assistance service.

45.    Customers contacting the 411 directory assistance service seeking the services of Stanley Steemer were, instead, given the telephone numbers for entities which had no connection to Stanley Steemer.

46.    All authorized Stanley Steemer locations are listed under a single 1-800 telephone number, which when called connects the Stanley Steemer customer,

9

electronically and automatically based on the callers' area code, to the Stanley Steemer office location that is in the closest proximity to the customer. The customer then sets up an appointment for carpet cleaning services or for other services provided by Stanley Steemer.

47.     Upon information and belief, the Infringing Defendants have received, and continue to receive, telephone calls from customers intending to retain Stanley Steemer to perform carpet cleaning services. The Infringing Defendants represent to the public that they are Stanley Steemer, or affiliated with or related to Stanley Steemer, and proceed to perform carpet cleaning services for the customers through their own companies, which are not in any way affiliated with or related to Stanley Steemer.

48.     Upon information and belief, after the Infringing Defendants perform substandard carpet cleaning services for the customers, or fail to appear to perform carpet cleaning services for the customers, Stanley Steemer receives complaints from the customers, who inaccurately believe that they had previously hired Stanley Steemer to perform carpet cleaning services.

49.     Essentially, the Infringing Defendants are engaged in a "bait and switch" scheme whereby they bait the customers by falsely representing themselves as being an authorized Stanley Steemer company and then switch the carpet cleaning services to those that the Infringing Defendants perform, which are not in any way associated with, authorized by or related to Stanley Steemer.

50.    Upon information and belief, the majority of the Infringing Defendants' activities have taken place in, and continue to take place in, the counties of Brooklyn and Queens in the State of New York.

51.    Stanley Steemer has never approved nor authorized the Infringing Defendants' use of the "STANLEY STEEMER" marks.

## COUNT I
### Trademark Infringement – 15 U.S.C. § 1114

52.    Stanley Steemer repeats, reiterates and realleges each and every allegation contained in the paragraphs numbered "1" through "51" with the same force and effect as if set forth at length herein.

53.    Stanley Steemer is the owner of the valid and legally protectable word mark, "STANLEY STEEMER".

54.    "STANLEY STEEMER" has been federally registered and is incontestable.

55.    Upon information and belief, the Infringing Defendants have used, and continue to use, "STANLEY STEEMER", or similar names, in their advertisements and marketing of their carpet cleaning services.

56.    The Infringing Defendants' continued unauthorized use of "STANLEY STEEMER", or similar names, is designed to cause, and will likely cause, customer confusion with Stanley Steemer and its services, as the Infringing Defendants do not have the right to use "STANLEY STEEMER" and such use infringes on the registered mark "STANLEY STEEMER".

57.    The Infringing Defendants' aforesaid conduct constitutes trademark infringement in violation of 15 U.S.C. § 1114, and at all relevant times, such conduct is and has been willful, malicious and in conscious disregard of Stanley Steemer's rights under the Lanham Act as the owner of the mark "STANLEY STEEMER".

58.    As a result of the Infringing Defendants' conduct in violation of the Lanham Act, Stanley Steemer has been injured in the manner of lost sales and/or loss of good will associated with its own services.

59.    As a result of the Infringing Defendants' conduct in violation of the Lanham Act, Stanley Steemer is entitled to receive an accounting of, and receive compensation from the Infringing Defendants in the form of, all of the Infringing Defendants' profits from the unauthorized use of the "STANLEY STEEMER" marks.

60.    As a result of the Infringing Defendants' conduct in violation of the Lanham Act, Stanley Steemer has suffered and will continue to suffer irreparable injury that cannot be adequately compensated by money damages, and which gives rise to injunctive relief to the type sought herein pursuant to 15 U.S.C. § 1116.

61.    As a result of the Infringing Defendants' conduct, Stanley Steemer has sustained actual and consequential damages that will be established at trial, and Stanley Steemer is entitled to an award of punitive damages, the exact amount of which to be determined at trial.

## COUNT II
### False Designation of Origin and Unfair Competition –
### 15 U.S.C. § 1125(a)(1)(A)

62.     Stanley Steemer repeats, reiterates and realleges each and every allegation contained in the paragraphs numbered "1" through "61" with the same force and effect as if set forth at length herein.

63.     Stanley Steemer is the owner of the valid and legally protectable word mark, "STANLEY STEEMER".

64.     Stanley Steemer uses the "STANLEY STEEMER" mark to identify, advertise, promote, publicize and market Stanley Steemer and its services.

65.     Upon information and belief, the Infringing Defendants are using "STANLEY STEEMER", or similar names, in connection with identifying, advertising, promoting, publicizing and marketing the Infringing Defendants' carpet cleaning services.

66.     Upon information and belief, the Infringing Defendants have used and continue to use "STANLEY STEEMER", or similar names, to advance, grow and develop the business of the Infringing Defendants and to destroy, harm and interfere with Stanley Steemer's business.

67.     The Infringing Defendants' use of "STANLEY STEEMER", or similar names, is designed to cause, and will likely cause, customer confusion, mistake or deception as to the origin, sponsorship or approval of the Infringing Defendants' services, given the use of "STANLEY STEEMER", or similar names, by the Infringing

Defendants and the similar nature of the services provided by both Stanley Steemer and the Infringing Defendants.

68.   The Infringing Defendants' aforesaid conduct constitutes false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A), and at all relevant times, such conduct is and has been willful, malicious and in conscious disregard of Stanley Steemer's rights under the Lanham Act as the owner of the mark "STANLEY STEEMER".

69.   As a result of the Infringing Defendants' conduct in violation of the Lanham Act, Stanley Steemer has been injured in the manner of lost sales and/or loss of good will associated with its own services.

70.   As a result of the Infringing Defendants' conduct in violation of the Lanham Act, Stanley Steemer is entitled to receive an accounting of, and receive compensation from the Infringing Defendants in the form of, all of the Infringing Defendants' profits from the unauthorized use of the "STANLEY STEEMER" marks.

71.   As a result of the Infringing Defendants' conduct in violation of the Lanham Act, Stanley Steemer has suffered and will continue to suffer irreparable injury that cannot be adequately compensated by money damages, and which gives rise to injunctive relief to the type sought herein pursuant to 15 U.S.C. § 1116.

72.   As a result of the Infringing Defendants' conduct, Stanley Steemer has sustained actual and consequential damages that will be established at trial, and Stanley Steemer is entitled to an award of punitive damages, the exact amount of which to be determined at trial.

## COUNT III
### Trademark Dilution – 15 U.S.C. § 1125(c)

73.    Stanley Steemer repeats, reiterates and realleges each and every allegation contained in the paragraphs numbered "1" through "72" with the same force and effect as if set forth at length herein.

74.    The "STANLEY STEEMER" mark is famous and widely recognized by the general consuming public in the United States as designating the source of Stanley Steemer's carpet cleaning services.

75.    The Infringing Defendants' unlawful use of "STANLEY STEEMER", or similar names, has harmed the reputation of, and diluted the distinctive quality of, the famous mark "STANLEY STEEMER" by lessening the capacity of the mark to identify and distinguish the services provided by Stanley Steemer.

76.    Upon information and belief, the Infringing Defendants have harmed the reputation of, and diluted the distinctive quality of, the famous mark "STANLEY STEEMER" by using the famous mark "STANLEY STEEMER" with their own services, which do not meet the same quality and standards as Stanley Steemer's services.

77.    The Infringing Defendants' aforesaid conduct constitutes trademark dilution in violation of 15 U.S.C. § 1125(c), and at all relevant times, such conduct is and has been willful, malicious and in conscious disregard of Stanley Steemer's rights under the Lanham Act as the owner of the mark "STANLEY STEEMER".

78.     As a result of the Infringing Defendants' conduct in violation of the Lanham Act, Stanley Steemer has been injured in the manner of lost sales and/or loss of good will associated with its own services.

79.     As a result of the Infringing Defendants' conduct in violation of the Lanham Act, Stanley Steemer is entitled to receive an accounting of, and receive compensation from the Infringing Defendants in the form of, all of the Infringing Defendants' profits from the unauthorized use of the "STANLEY STEEMER" marks.

80.     As a result of the Infringing Defendants' conduct in violation of the Lanham Act, Stanley Steemer has suffered and will continue to suffer irreparable injury that cannot be adequately compensated by money damages, and which gives rise to injunctive relief to the type sought herein pursuant to 15 U.S.C. § 1116.

81.     As a result of the Infringing Defendants' conduct, Stanley Steemer has sustained actual and consequential damages that will be established at trial, and Stanley Steemer is entitled to an award of punitive damages, the exact amount of which to be determined at trial.

## COUNT IV
### False Advertising and Unfair Competition –
### 15 U.S.C. § 1125(a)(1)(B)

82.     Stanley Steemer repeats, reiterates and realleges each and every allegation contained in the paragraphs numbered "1" through "81" with the same force and effect as if set forth at length herein.

83.     Stanley Steemer is the owner of the valid and legally protectable word mark, "STANLEY STEEMER".

84.     Stanley Steemer uses the "STANLEY STEEMER" marks to identify, advertise, promote, publicize and market Stanley Steemer and its services.

85.     Upon information and belief, the Infringing Defendants have made false statements about their services in commerce, which have deceived and mislead the public with regard to the nature of their services, in that the Infringing Defendants are using "STANLEY STEEMER", or similar names, in connection with the advertising, promoting, publicizing and marketing of the Infringing Defendants' carpet cleaning services.

86.     Upon information and belief, the Infringing Defendants have used and continue to use "STANLEY STEEMER", or similar names, to advance, grow and develop the business of the Infringing Defendants and to destroy, harm and interfere with Stanley Steemer's business.

87.     The Infringing Defendants' aforesaid conduct constitutes false advertising and unfair competition in violation of 15 U.S.C. § 1125(a)(1)(B), and at all relevant times, such conduct is and has been willful, malicious and in conscious disregard of Stanley Steemer's rights under the Lanham Act as the owner of the word mark "STANLEY STEEMER".

88.     As a result of the Infringing Defendants' conduct in violation of the Lanham Act, Stanley Steemer has been injured in the manner of lost sales and/or loss of good will associated with its own services.

89.     As a result of the Infringing Defendants' conduct in violation of the Lanham Act, Stanley Steemer is entitled to receive an accounting of, and receive

compensation from the Infringing Defendants in the form of, all of the Infringing Defendants' profits from the unauthorized use of the "STANLEY STEEMER" marks.

90.   As a result of the Infringing Defendants' conduct in violation of the Lanham Act, Stanley Steemer has suffered and will continue to suffer irreparable injury that cannot be adequately compensated by money damages, and which gives rise to injunctive relief to the type sought herein pursuant to 15 U.S.C. § 1116.

91.   As a result of the Infringing Defendants' conduct, Stanley Steemer has sustained actual and consequential damages that will be established at trial, and Stanley Steemer is entitled to an award of punitive damages, the exact amount of which to be determined at trial.

## COUNT V
### Trademark Infringement and Unfair Competition under New York General Business Law § 360-k

92.   Stanley Steemer repeats, reiterates and realleges each and every allegation contained in the paragraphs numbered "1" through "91" with the same force and effect as if set forth at length herein.

93.   The Infringing Defendants' activities as stated herein constitute infringement of Stanley Steemer's rights in the "STANLEY STEEMER" marks and unfair competition in violation of New York General Business Law § 360-k.

94.   As a result of the Infringing Defendants' conduct, Stanley Steemer has been injured in the manner of lost sales and/or loss of good will associated with its own services.

95.    As a result of the Infringing Defendants' conduct, Stanley Steemer is entitled to receive an accounting of, and receive compensation from the Infringing Defendants in the form of, all of the Infringing Defendants' profits from the unauthorized use of the "STANLEY STEEMER" marks.

96.    As a result of the Infringing Defendants' conduct, Stanley Steemer has suffered and will continue to suffer irreparable injury that cannot be adequately compensated by money damages, and which gives rise to injunctive relief.

97.    As a result of the Infringing Defendants' conduct, Stanley Steemer has sustained actual and consequential damages that will be established at trial, and Stanley Steemer is entitled to an award of punitive damages, the exact amount of which to be determined at trial.

## COUNT VI
### Trademark Infringement and Unfair Competition under Common Law

98.    Stanley Steemer repeats, reiterates and realleges each and every allegation contained in the paragraphs numbered "1" through 97" with the same force and effect as if set forth at length herein.

99.    The Infringing Defendants' conduct relating to their continued unauthorized use of "STANLEY STEEMER", or similar names, is and has been willful, malicious, in bad faith and in conscious disregard of Stanley Steemer's rights and has caused customer confusion between Stanley Steemer and its services and the Infringing Defendants and their services.

100. The Infringing Defendants' activities as stated herein constitute infringement of Stanley Steemer's rights in the "STANLEY STEEMER" marks and unfair competition in violation of New York common law.

101. As a result of the Infringing Defendants' conduct, Stanley Steemer has been injured in the manner of lost sales and/or loss of good will associated with its own services.

102. As a result of the Infringing Defendants' conduct, Stanley Steemer has suffered and will continue to suffer irreparable injury that cannot be adequately compensated by money damages, and which gives rise to injunctive relief.

103. As a result of the Infringing Defendants' conduct, Stanley Steemer has sustained actual and consequential damages that will be established at trial, and Stanley Steemer is entitled to an award of punitive damages, the exact amount of which to be determined at trial.

## COUNT VII
### False Designation of Origin under
### New York General Business Law § 360-k

104. Stanley Steemer repeats, reiterates and realleges each and every allegation contained in the paragraphs numbered "1" through "103" with the same force and effect as if set forth at length herein.

105. The Infringing Defendants' activities as stated herein constitute false designation of origin of the "STANLEY STEEMER" mark in violation of New York General Business Law § 360-k.

106.   As a result of the Infringing Defendants' conduct, Stanley Steemer has been injured in the manner of lost sales and/or loss of good will associated with its own services.

107.   As a result of the Infringing Defendants' conduct, Stanley Steemer is entitled to receive an accounting of, and receive compensation from the Infringing Defendants in the form of, all of the Infringing Defendants' profits from the unauthorized use of the "STANLEY STEEMER" marks.

108.   As a result of the Infringing Defendants' conduct, Stanley Steemer has suffered and will continue to suffer irreparable injury that cannot be adequately compensated by money damages, and which gives rise to injunctive relief.

109.   As a result of the Infringing Defendants' conduct, Stanley Steemer has sustained actual and consequential damages that will be established at trial, and Stanley Steemer is entitled to an award of punitive damages, the exact amount of which to be determined at trial.

## COUNT VIII
### Trademark Dilution and Unfair Competition
### under New York General Business Law § 360-l

110.   Stanley Steemer repeats, reiterates and realleges each and every allegation contained in the paragraphs numbered "1" through "109" with the same force and effect as if set forth at length herein.

111.   The Infringing Defendants' activities as stated herein constitute trademark dilution and unfair competition in violation of New York General Business Law § 360-l,

in that they have caused dilution of the distinctive quality of "STANLEY STEEMER", all to the irreparable injury to and damage of Stanley Steemer.

112.   "STANLEY STEEMER" is a distinctive and famous mark, and was so on or before the improper use by the Infringing Defendants.

113.   The Infringing Defendants' activities have lessened the capacity and have caused the dilution of "STANLEY STEEMER" to identify and to distinguish the services provided by Stanley Steemer and the services provided by the Infringing Defendants.

114.   As a result of the Infringing Defendants' conduct, Stanley Steemer has been injured in the manner of lost sales and/or loss of good will associated with its own services.

115.   As a result of the Infringing Defendants' conduct, Stanley Steemer has suffered and will continue to suffer irreparable injury that cannot be adequately compensated by money damages, and which gives rise to injunctive relief.

## COUNT IX
### False Advertising under
### New York General Business Law § 350

116.   Stanley Steemer repeats, reiterates and realleges each and every allegation contained in the paragraphs numbered "1" through "115" with the same force and effect as if set forth at length herein.

117.   The Infringing Defendants' activities as stated herein constitute false advertising in violation of New York General Business Law § 350.

118.   As a result of the Infringing Defendants' conduct, Stanley Steemer has been injured in the manner of lost sales and/or loss of good will associated with its own services.

119.   As a result of the Infringing Defendants' conduct, Stanley Steemer has suffered and will continue to suffer irreparable injury that cannot be adequately compensated by money damages, and which gives rise to injunctive relief.

120.   As a result of the Infringing Defendants' conduct, Stanley Steemer has sustained actual and consequential damages that will be established at trial, and Stanley Steemer is entitled to an award of punitive damages, the exact amount of which to be determined at trial.

## COUNT X
### Deceptive Acts and Practices under
### New York General Business Law §§ 133 and 349

121.   Stanley Steemer repeats, reiterates and realleges each and every allegation contained in the paragraphs numbered "1" through "120" with the same force and effect as if set forth at length herein.

122.   The aforementioned activities of the Infringing Defendants constitute deceptive acts and practices in violation of New York General Business Law §§ 133 and 349.

123.   Upon information and belief, the Infringing Defendants have made false statements about their services in commerce, which have deceived and mislead the public with regard to the nature of their services, in that the Infringing Defendants are using "STANLEY STEEMER", or similar names, in connection with the advertising,

23

promoting, publicizing and marketing of the Infringing Defendants' carpet cleaning services.

124.   Upon information and belief, such false statements were made by the Infringing Defendants by word of mouth, telephone directories, the internet and other forms of advertising and communications to the public at large.

125.   That reasonable consumers would have, and may have, believed the Infringing Defendants' false statements.

126.   The Infringing Defendants' false statements hereinbefore referenced substantially affect the public at large, inasmuch as the Infringing Defendants engaged in advertising practices of a recurring nature and such advertising was part of a greater conspiracy to obtain business that was intended to be given to Stanley Steemer and would otherwise be undertaken by Stanley Steemer, all of which has a negative effect on competition and consumer trust.

127.   Upon information and belief, the Infringing Defendants willfully and knowingly engaged in deceptive and false advertising.

128.   Such actions on the part of the Infringing Defendants represent violations of New York General Business Law§§ 133 and 349.

129.   As a result of the Infringing Defendants' conduct, Stanley Steemer has suffered and will continue to suffer irreparable injury that cannot be adequately compensated by money damages, and which gives rise to injunctive relief.

130.   As a result of the Infringing Defendants' conduct, Stanley Steemer has sustained actual and consequential damages that will be established at trial, and Stanley

Steemer is entitled to an award of punitive damages, the exact amount of which to be determined at trial.

## COUNT XI
## Unjust Enrichment

131.   Stanley Steemer repeats, reiterates and realleges each and every allegation contained in the paragraphs numbered "1" through "130" with the same force and effect as if set forth at length herein.

132.   Upon information and belief, the Infringing Defendants intentionally, willfully and knowingly used, and continue to use, the "STANLEY STEEMER" marks, or similar names, to obtain business from customers that was intended to be given to Stanley Steemer and would otherwise be undertaken by Stanley Steemer.

133.   The Infringing Defendants' unlawful use of "STANLEY STEEMER", or similar names, has resulted in, and continues to result in, the Infringing Defendants obtaining business from customers that was intended to be given to Stanley Steemer and would otherwise be undertaken by Stanley Steemer.

134.   The Infringing Defendants have been unjustly enriched at the cost, expense and detriment of Stanley Steemer.

135.   As a result of the Infringing Defendants' conduct, Stanley Steemer has been injured in the manner of lost sales and/or loss of good will associated with its own services.

136.   As a result of the Infringing Defendants' conduct, Stanley Steemer has sustained actual and consequential damages that will be established at trial, and Stanley

Steemer is entitled to an award of punitive damages, the exact amount of which to be determined at trial.

## COUNT XII
### Tortious Interference with Prospective Economic Advantage

137.    Stanley Steemer repeats, reiterates and realleges each and every allegation contained in the paragraphs numbered "1" through "136" with the same force and effect as if set forth at length herein.

138.    Upon information and belief, the Infringing Defendants intentionally, willfully and knowingly used, and continue to use, the "STANLEY STEEMER" marks, or similar names, to obtain business from customers that was intended to be given to Stanley Steemer and would otherwise be undertaken by Stanley Steemer.

139.    Upon information and belief, the Infringing Defendants' misrepresentations to Stanley Steemer's prospective customers that they were Stanley Steemer, or a company related to Stanley Steemer, prevented the customers from entering into contracts with Stanley Steemer for it to perform the customer's carpet cleaning services.

140.    As a result of the Infringing Defendants' conduct, Stanley Steemer has been injured in the manner of lost sales and/or loss of good will associated with its own services.

141.    As a result of the Infringing Defendants' conduct, Stanley Steemer has sustained actual and consequential damages that will be established at trial, and Stanley Steemer is entitled to an award of punitive damages, the exact amount of which to be determined at trial.

## COUNT XIII
## Contributory Trademark Infringement – 15 U.S.C. § 1114

142.    Stanley Steemer repeats, reiterates and realleges each and every allegation contained in the paragraphs numbered "1" through "141" with the same force and effect as if set forth at length herein.

143.    Verizon is a telephone service provider which registers telephone numbers and provides telephone communication services to companies and individuals.

144.    Most, if not all, of the telephone numbers being utilized by the Infringing Defendants were obtained from and registered with Verizon.

145.    The telephone numbers registered by the Infringing Defendants with Verizon were listed under names infringing upon Stanley Steemer's trademarks.

146.    Verizon knew, had reason to know or should have known that the Infringing Defendants were using the telephone numbers to infringe, or would be using the telephone numbers to infringe, upon Stanley Steemer's trademarks.

147.    Stanley Steemer provided Verizon with notice of specific instances of infringement by the Infringing Defendants where the Infringing Defendants were using telephone numbers obtained from and registered with Verizon.

148.    Verizon has continued to provide the Infringing Defendants with telephone communication services after it knew, had reason to know or should have known that the Infringing Defendants were using the telephone numbers to infringe, or would be using the telephone numbers to infringe, upon Stanley Steemer's trademarks.

149.   Verizon has the ability and authority to disconnect the telephone numbers being used to infringe upon Stanley Steemer's trademarks, but it has failed to do so.

150.   Verizon's aforesaid conduct constitutes contributory trademark infringement in violation of 15 U.S.C. § 1114.

151.   As a result of Verizon's conduct in violation of the Lanham Act, Stanley Steemer has been injured in the manner of lost sales and/or loss of good will associated with its own services.

152.   As a result of Verizon's conduct in violation of the Lanham Act, Stanley Steemer has suffered and will continue to suffer irreparable injury that cannot be adequately compensated by money damages, and which gives rise to injunctive relief to the type sought herein pursuant to 15 U.S.C. § 1116.

153.   Stanley Steemer is entitled to an injunction directing Verizon to disconnect the telephone numbers currently being used by the Infringing Defendants to infringe upon Stanley Steemer's trademarks.

154.   Stanley Steemer is also entitled to an injunction directing Verizon to not register any telephone numbers or provide any telephone communication services in the future to any entity or individual, including the Infringing Defendants, that is or will be using such telephone numbers or telephone communication services to infringe upon Stanley Steemer's trademarks.

155.   As a result of Verizon's conduct, Stanley Steemer has sustained actual and consequential damages that will be established at trial.

WHEREFORE, Plaintiff Stanley Steemer International, Inc. requests that the Court enter judgment against the Defendants as follows:

    a. On Count I, (i) actual and consequential damages that will be established at trial, (ii) an award of punitive damages, the exact amount of which to be determined at trial, (iii) an accounting and disgorgement of profits and (iii) preliminary and permanent injunctive relief;

    b. On Count II, (i) actual and consequential damages that will be established at trial, (ii) an award of punitive damages, the exact amount of which to be determined at trial, (iii) an accounting and disgorgement of profits and (iv) preliminary and permanent injunctive relief;

    c. On Count III, (i) actual and consequential damages that will be established at trial, (ii) an award of punitive damages, the exact amount of which to be determined at trial, (iii) an accounting and disgorgement of profits and (iv) preliminary and permanent injunctive relief;

    d. On Count IV, (i) actual and consequential damages that will be established at trial, (ii) an award of punitive damages, the exact amount of which to be determined at trial, (iii) an accounting and disgorgement of profits and (iv) preliminary and permanent injunctive relief;

    e. On Count V, (i) actual and consequential damages that will be established at trial, (ii) an award of punitive damages, the exact amount of which to be determined at trial, (iii) an accounting and disgorgement of profits and (iv) preliminary and permanent injunctive relief;

    f. On Count VI, (i) actual and consequential damages that will be established at trial, (ii) an award of punitive damages, the exact amount of which to be determined at trial and (iii) preliminary and permanent injunctive relief;

    g. On Count VII, (i) actual and consequential damages that will be established at trial, (ii) an award of punitive damages, the exact amount of which to be determined at trial, (iii) an

accounting and disgorgement of profits and (iv) preliminary and permanent injunctive relief;

h. On Count VIII, preliminary and permanent injunctive relief;

i. On Count IX, (i) actual and consequential damages that will be established at trial, (ii) an award of punitive damages, the exact amount of which to be determined at trial and (iii) preliminary and permanent injunctive relief;

j. On Count X, (i) actual and consequential damages that will be established at trial, (ii) an award of punitive damages, the exact amount of which to be determined at trial and (iii) preliminary and permanent injunctive relief;

k. On Count XI, (i) actual and consequential damages that will be established at trial and (ii) an award of punitive damages, the exact amount of which to be determined at trial;

l. On Count XII, (i) actual and consequential damages that will be established at trial and (ii) an award of punitive damages, the exact amount of which to be determined at trial;

m. On Count XIII, (i) actual and consequential damages that will be established at trial and (ii) preliminary and permanent injunctive relief directing Verizon to disconnect the telephone numbers currently being used by the Infringing Defendants to infringe upon Stanley Steemer's trademarks and directing Verizon to not register any telephone numbers or provide any telephone communication services in the future to any entity or individual, including the Infringing Defendants, that is or will be using such telephone numbers or telephone communication services to infringe upon Stanley Steemer's trademarks; and

n. An order awarding Plaintiff its reasonable attorneys' fees and costs, together with such other and further relief as this Court may deem just, proper and equitable under the circumstances.

Dated: Uniondale, New York
      March 7, 2013

                    Respectfully submitted,

                    RIVKIN RADLER LLP


                    ___/s/ Celeste M. Butera_____
                    Celeste M. Butera (CMB-5659)
                    Jason B. Gurdus (JG-3293)
                    926 RXR Plaza
                    Uniondale, New York 11556-0926
                    (516) 357-3000

                    Attorneys for Plaintiff
                    STANLEY STEEMER
                    INTERNATIONAL, INC.

2675500 v1

# EXHIBIT   K

DOCKET & FILE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

STANLEY STEEMER INTERNATIONAL, INC.,

Civil Action No. 12 CV 1653
(KAM) (VVP)

Plaintiff,

-against-

**CONSENT JUDGMENT**

STANLEY STEAM CARPET CLEANING, STANLY
STEAM CARPET CLEANING, SUNFLOWER CARPET
CLEANING, PAYLESS CARPET USA INC., KLINE
CARPET CLEANING, MANHATTAN CARPET CARE,
AAA CARPET CLEANING, ABC RUG CARPET
CLEANING, STAINLES STEAMER CARPET,
STANLEE STEEM CARPET, EMPIRE CARPET
CENTER, NY LOCAL CARPET CLEANERS,
SUNFLOWER CARPET RUG & UPHOLSTERY
CLEANING and ELITE UPHOLSTERS,

Defendants.

--------------------------------------------------------X

Plaintiff STANLEY STEEMER INTERNATIONAL, INC. ("Stanley Steemer"), having

filed its Complaint and moved by Order to Show Cause for a preliminary injunction, and

Defendant SUNFLOWER CARPET CLEANING, doing business as Defendants STANLEY

STEAM CARPET CLEANING, STANLY STEAM CARPET CLEANING, PAYLESS

CARPET USA INC., KLINE CARPET CLEANING, MANHATTAN CARPET CARE, AAA

CARPET CLEANING, STANLEE STEEM CARPET, NY LOCAL CARPET CLEANERS and

non-party entity ABC Rugs Care, as well as the owner of SUNFLOWER CARPET CLEANING,

Mashiah Amar, residing at 2225 Benson Avenue, Apt. 6H, Brooklyn, New York 11214

(collectively, "Defendants"), having appeared by Counsel and waived their answers, agree and

consent to the entry of this Judgment without contest. By executing this Consent Judgment,

Defendants waive formal service of process of the Summons and Complaint, and Stanley

Steemer's Order to Show Cause, in this matter.

1

Defendants admit and acknowledge that they had obtained and listed telephone numbers with the 411 directory assistance service for entities with the names of "Stanley Steam Carpet" and "Stanlee Steem Carpet" which had no connection to Stanley Steemer. The telephone numbers were obtained and listed by Defendants through the acts of the sole owner and principal of Defendants, Mashiah Amar, and the telephone numbers include the following: (1) 212-337-8554; (2) 212-575-0185; (3) 718-771-2028; (4) 718-262-9325; (5) 718-932-1901; (6) 718-342-2602; (7) 212-290-0010; (8) 718-221-4303; (9) 212-477-1921; and (10) 212-971-0070.

Defendants represent and warrant that they did not obtain and/or list any other telephone numbers with the names of "Stanley Steam Carpet" and "Stanlee Steem Carpet", or with other names likely to cause confusion with the "STANLEY STEEMER" registered marks (as set forth in ¶¶ 26 – 34 of the Complaint).

Defendants represent and warrant that they have disconnected and ceased use of all of the above-referenced telephone numbers. Attached as Exhibit "A" to this Consent Judgment are the statements from Verizon indicating that the above-referenced telephone numbers have been cancelled and disconnected.

Defendants acknowledge their responsibilities pursuant to this Consent Judgment, and acknowledge that they will be subject to liquidated damages and sanctions in contempt of this Court if they fail to comply with the provisions of this Judgment. It is, therefore, upon motion of the attorneys for Plaintiff and for cause shown ORDERED, ADJUDGED AND DECREED that:

I.    This Court has jurisdiction over the subject matter and the parties to this action.

II.   Defendants, their officers, employees, agents, and all persons acting on Defendants' behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of sections 15 U.S.C. § 1114 and 15 U.S.C. § 1125 of the Lanham

2

Act, New York General Business Law §§ 133, 349, 350, 360-k and 360-l, and New York Common Law in any of the following manners:

    (i)    advertising, publicizing and marketing their carpet cleaning services using the "STANLEY STEEMER" registered marks, or marks and names likely to cause confusion with the "STANLEY STEEMER" registered marks, including but not limited to names such as "Stanley Steam Carpet" and "Stanlee Steem Carpet"; and

    (ii)    using any of the above-referenced telephone numbers in connection with any of Defendants' activities; and

    (iii)    obtaining or listing names and telephone numbers in various hard copy and on-line directories for carpet cleaning services, as well as with 411 directory assistance, that use the "STANLEY STEEMER" registered marks, or marks and names likely to cause confusion with the "STANLEY STEEMER" registered marks, including but not limited to names such as "Stanley Steam Carpet" and "Stanlee Steem Carpet"; and

    (iv)    using any invoices or other documentation in connection with Defendants' businesses which reference or use the "STANLEY STEEMER" registered marks, or marks and names likely to cause confusion with the "STANLEY STEEMER" registered marks, including but not limited to names such as "Stanley Steam Carpet" and "Stanlee Steem Carpet"; and

    (v)    representing to others, by any means, that Defendants are, or are related to, Stanley Steemer or any other name confusingly similar to Stanley Steemer; and

    (vi)    forming and/or operating any other entity that engages in any of the activities or makes any of the representations identified in parts (i) through (v) above.

3

III.    A failure by Defendants to comply with any of the provisions of this Consent Judgment will cause Stanley Steemer to suffer and incur economic damages and losses of types and in amounts which are impossible to compute and ascertain with certainty.  As a result, Defendants agree that their failure to comply with any of the provisions of this Consent Judgment automatically results in liquidated damages being assessed and recovered by Stanley Steemer as against the violating Defendant in the amount of $20,000.00 for each violation.  This obligation will be in addition to any sanctions or other obligations ordered by the Court as a result of any violations of this Consent Judgment.

IV.    Defendants, their officers, employees, agents, and all persons acting or claiming to act on Defendants' behalf and interest shall fully cooperate with Stanley Steemer, and provide Stanley Steemer with any and all information currently in their possession, in connection with all others presently engaged in the above-described activities that are not named as defendants in this lawsuit.  The liquidated damages provision in paragraph III does not apply to this paragraph.

V.    The parties agree that this Consent Judgment represents full settlement of all claims that have been asserted, or could have been asserted, between Stanley Steemer and Defendants in the present action.  This Consent Judgment contains the complete agreement between the parties.  No promises, representations or warranties other than those set forth in this Consent Judgment have been made by any of the parties.  This Consent Judgment supersedes all prior communications, discussions, or understandings, if any, of the parties, whether oral or in writing.

VI.    This Court shall retain jurisdiction over the parties and subject matter of this action, and all disputes relating to settlement of this action, including Defendants' continuing obligations associated with this Consent Judgment.

4

VII.    The provisions of this Consent Judgment shall be severable and should any provisions be declared by a court of competent jurisdiction to be unenforceable, the other provisions of this Consent Judgment shall remain in full force and effect.

VIII.   Counsel for each of the parties to this Consent Judgment has reviewed this Consent Judgment and has approved of the content and language contained herein.

IX.    Within ten (10) days of the Court's so ordering of this Consent Judgment, counsel for Stanley Steemer shall file a stipulation of dismissal, without prejudice, of this action with the Court as to those Defendants which are parties to this Consent Judgment.

X.    This Consent Judgment may not be changed, altered or modified except by further Order of the Court.

XI.    Each party shall bear its own costs and attorney's fees in connection to this action.

SO ORDERED, on this 8 day of May , 2012.

s/KAM

_____
Kiyo A. Matsumoto
United States District Court Judge

Dated: May 7, 2012
        Uniondale, New York

_____
Celeste M. Butera (CMB-5659)
Jason B. Gurdus (JG-3293)
RIVKIN RADLER LLP
926 RXR Plaza
Uniondale, New York 11556-0926
(516) 357-3000

Attorneys for Plaintiff
STANLEY STEEMER
INTERNATIONAL, INC.

Dated: May 7, 2012
        New York , New York

_____
Yossi Zarfati (YZ-5205)
701 Mulberry Place
North Woodmere, New York 11581
(917) 873-9791

Attorneys for Defendants
SUNFLOWER CARPET CLEANING, d/b/a
STANLEY STEAM CARPET CLEANING,
STANLY STEAM CARPET CLEANING,
PAYLESS CARPET USA INC., KLINE CARPET
CLEANING, MANHATTAN CARPET CARE,
AAA CARPET CLEANING, STANLEE STEEM
CARPET, NY LOCAL CARPET CLEANERS and
non-parties ABC Rugs Care and Mashiah Amar

5

STANLEY STEEMER
INTERNATIONAL, INC.

Print _____

Title _____

Date _____

SUNFLOWER CARPET CLEANING d/b/a
STANLEY STEAM CARPET CLEANING,
STANLY STEAM CARPET CLEANING,
PAYLESS CARPET USA INC., KLINE
CARPET CLEANING, MANHATTAN
CARPET CARE, AAA CARPET
CLEANING, STANLEE STEEM CARPET,
NY LOCAL CARPET CLEANERS and
ABC Rugs Care

Print _Mashiah Amar__

Title _____

Date May 7, 2012

Mashiah Amar, Individually

Mashiah Amar
Print

May 7th, 2012
Date

STATE OF NEW YORK        ) New York
                         )ss.:
COUNTY OF ~~KINGS~~       ) Bronx

On May 7th 2012, before me personally came
Mashiah Amar, to me known, and known to
me to be the individual(s) described in, and
who executed the foregoing Consent
Judgment, and duly acknowledged to me that
he/she executed the same.

Notary Public

FAHMIDA A CHOWDHURY
Notary Public - State of New York
NO. 01CH6231226
Qualified in Bronx County
My Commission Expires 11/22/14

2608064 v1

6

STANLEY STEEMER
INTERNATIONAL, INC.

D. Ryan Jankowski
Print

Vice President & CAO
Title

05/07/2012
Date

SUNFLOWER CARPET CLEANING d/b/a
STANLEY STEAM CARPET CLEANING,
STANLY STEAM CARPET CLEANING,
PAYLESS CARPET USA, INC., KLINE
CARPET CLEANING, MANHATTAN
CARPET CARE, AAA CARPET
CLEANING, STANLEE STEEM CARPET,
NY LOCAL CARPET CLEANERS and
ABC Rugs Care

Print:

Title:

Date:

Mashiah Amar, Individually,

Print

Date

STATE OF NEW YORK          )
                           )ss.:
COUNTY OF KINGS            )

On May ___, 2012, before me personally came
Mashiah Amar, to me known, and known to
me to be the individual(s) described in, and
who executed the foregoing Consent
Judgment, and duly acknowledged to me that
he/she executed the same.

Notary Public

1838464 v1

6

EXHIBIT   L

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
STANLEY STEEMER INTERNATIONAL,
INC.,

                                        Plaintiff,

                    - v -

STANLEY STEAM CARPET CLEANING,
STANLY STEAM CARPET CLEANING,
SUNFLOWER CARPET CLEANING, PAYLESS
CARPET USA INC., KLINE CARPET CLEANING,
MANHATTAN CARPET CARE, AAA CARPET
CLEANING, ABC RUG CARPET CLEANING,
STAINLESS STEAMER CARPET, STAINLESS
STEAM CARPET, EMPIRE CARPET CENTER,
NY LOCAL CARPET CLEANERS, SUNFLOWER
CARPET RUG & UPHOLSTERY CLEANING,
ELITE UPHOLSTERS, and VERIZON
 COMMUNICATIONS INC.,

                                        Defendants.
-------------------------------------------------------------------x

**REPORT AND
RECOMMENDATION**

CV 12-1653 (SLT)(VVP)

        The Honorable Sandra L. Townes has referred the motion for a default judgment made by

the plaintiff, Stanley Steemer International, Inc.,'s  (hereafter "Stanley Steemer") against the

defaulting defendants Stanley Steam Carpet Cleaning, Stanly Steam Carpet Cleaning, and ABC

Rug Carpet Cleaning (hereafter "the Infringing Defendants")  to me for a report and

recommendation.[1]  This case involves the defendants' alleged unauthorized use of the plaintiff's

trademarks, marks and name.  The plaintiffs have brought this action for trademark infringement

and associated claims under the Federal Trademark Act of 1946 (the "Lanham Act" or "the

Act"), 15 U.S.C. §§ 1051 *et seq.*[2]  The plaintiff seeks injunctive relief.  On the basis of the

---

[1]The plaintiff has either entered into Consent Judgements, settlements or filed notices of
voluntary dismissals with the other named defendants.

[2]The plaintiff also asserts parallel claims under New York and common law.  As discussed
below, as the Lanham Act affords the plaintiff the relief it seeks, the court need not address the plaintiff's

plaintiff's submissions and the prior proceedings in this action, the undersigned makes the

recommendations below regarding liability and relief.

### A.    ENTRY OF DEFAULT JUDGMENT

"It is well established that a party is not entitled to a default judgment as a matter of right;

rather the entry of a default judgment is entrusted to the sound judicial discretion of the court."

*Cablevision of S. Conn., L.P. v. Smith*, 141 F. Supp. 2d 277, 281 (D. Conn. 2001), *quoting Shah*

*v. N.Y. State Dept of Civil Services*, 168 F.3d 610, 615 (2d Cir. 1999) (internal quotations

omitted).  When deciding whether to enter default the court considers various factors, including

(1) the amount of money involved; (2) whether issues of fact or of substantial public importance

are at stake; (3) whether the default is largely technical; (4) whether the plaintiff has been

substantially prejudiced by the delay; (5) whether the grounds for default are clearly established;

(6) whether the default was caused by a good-faith mistake or excusable neglect; (7) how harsh

an effect default would have; and (8) whether the court believes it later would be obligated to set

aside the default on defendant's motion.  *Cablevision of S. Conn.,* 141 F. Supp. 2d at 281, *citing*

Moore's Federal Practice § 55.20 (2)(b) (3d ed. 1999).  In civil actions, when a party fails to

appear after given notice, the court normally has justification for entering default.  *Bermudez v.*

*Reid,* 733 F.2d 18, 21 (2d Cir. 1984).

The plaintiff commenced this action on April 4, 2012 by filing a complaint, as well as

and a motion for preliminary injunction with a proposed order to show cause.  *See* Declaration of

Service of Jason B. Gurdus in Support of Plaintiff's Motion for a Preliminary Injunction ("First

Gurdus Decl.") ¶ 3.  That same day Judge Kiyo A. Matsumoto, to whom this case was initially

---

remaining claims.

assigned, issued the Order to Show Cause. *See* ECF Dkt. No. 4. The plaintiff made several

unsuccessful attempts to serve the Infringing Defendants, including once via Federal Express, as

well as numerous attempts by process servers. *See* First Gurdus Decl. ¶¶ 4-16. By order dated

December 3, 2012, Judge Matsumoto granted the plaintiff's application pursuant to Rule 4 of the

Federal Rules of Civil Procedure, and Sections 308(5), 311(b), and 316 of the New York Civil

Practice Laws and Rules ("CPLR") to effectuate alternate service upon the Infringing Defendants

by publication. *See* ECF Dkt. No. 22. Pursuant to the December 3, 2012 order, the plaintiff

served the Infringing Defendants with the complaint by publication in the Brooklyn Daily Eagle,

the Valley Stream Herald, and the Bronx Free Press. *See* ECF Dkt No. 23-25. The defendants

have failed to interpose an answer, or otherwise respond to the complaint. Nor have the

defendants responded to the plaintiff's application for default. The grounds for default are

therefore clearly established, and there are no grounds for believing the defaults are based on a

good-faith mistake or technicality. *See Cablevision Sys. N. Y. City Corp. v. Leach*, No. 01 Civ.

9515, 2002 WL 1751343, at *2 (S.D.N.Y. July 26, 2002) (default willful where defendant never

responded to complaint, appeared or explained default). Finally, based on the defendants'

inaction, it is unlikely that the court will be compelled at some future date to enter an order

vacating the default judgment. Judgment by default should therefore be granted so long as

liability and injunctive relief are appropriately established.

    **B.**    **Liability**

    Given the defaults, the well-pleaded allegations of the amended complaint are deemed

admitted, except as to the amount of the plaintiff's damages. *See, e.g., Greyhound Exhibitgroup*

*v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 113 S. Ct. 1049 (1993);

*Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). The allegations of the amended complaint, which the court is required to accept as true, thus establish the following facts leading to liability. The plaintiff Stanley Steemer is a corporation that has been in business for over sixty years providing a wide range of cleaning services, including primarily carpet cleaning. *See* Amended Complaint ¶¶ 24-26. Since 1972, "Stanley Steemer" has been a registered word mark in connection with numerous products and services – including carpet cleaning services, carpet cleaning machines, spot remover for carpets and upholstery, duct cleaning services, and retail store services for carpets – and in connection with the installation, repair, and cleaning of heating and air conditioning systems. *Id.* ¶¶ 27-35, Exh. A-I. The plaintiff has continued to use the "Stanley Steemer" mark on websites, letterhead, and advertisements to identify and promote its services. *Id.* ¶¶ 36-37. As a result, "Stanley Steemer" is a valid federally registered mark, and has become a valuable asset for the plaintiff's business, symbolic of the plaintiff's goodwill and quality services. *Id.* ¶¶ 38-40.

The court further accepts as fact that the Infringing Defendants are using the "Stanley Steemer" registered mark when advertising and marketing their own carpet cleaning services. *Id.* ¶ 41. Although the Infringing Defendants are not affiliated with the plaintiff they nonetheless marketed themselves to potential customers as valid "Stanley Steemer" companies. *Id.*¶ 42. In furtherance of their activities, the Infringing Defendants have purchased or listed telephone numbers with 411 directories, as well as other on-line and hard copy directories, using almost identical names to the plaintiff's, such as Stanley Steam, Stanley Steam Carpet, Stanlee Steem Carpet, and other similar, confusing names. *Id.* ¶¶ 42-44. The well-pleaded allegations of the amended complaint further establish that customers calling the 411 directory seeking the

-4-

plaintiff's services are instead given contact information for the Infringing Defendants. *Id.* ¶¶ 45-47. Upon receiving calls from potential customers, the Infringing Defendants represent that they are in fact "Stanley Steemer," or are affiliated with the plaintiff. *Id.* ¶ 48. As a consequence of the Infringing Defendants' misrepresentations, the plaintiff receives complaints from consumers due to the inferior services provided by the Infringing Defendants. *Id.* ¶¶ 48-50. The Infringing Defendants' unauthorized use of the "Stanley Steemer" mark is designed to confuse customers since the defendants advertise and market themselves as the plaintiff, or that they are affiliated with the plaintiff's products and services. *Id* ¶¶ 56, 67, 85.

The Infringing Defendants continue to use "Stanley Steemer" in advertising and marketing their carpet cleaning services. *Id.* ¶¶ 55, 65. As such, the Infringing Defendants develop and grow their own businesses, while at the same time hurting and interfering with the plaintiff's business and causing the plaintiff to suffer a loss of good will. *Id.* ¶¶ 66, 69, 76-78, and 86-88. The plaintiff has never approved or authorized the Infringing Defendants' use of the "Stanley Steemer" trade name or marks. *Id.* ¶ 51.

These facts are sufficient to establish the Infringing Defendants' liability for trademark infringement under the Lanham Act. Section 1114 of the Lanham Act makes it illegal to "use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered [trade]mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive[.]" 15 U.S.C. § 1114(1)(a). In addition, the plaintiff has also established the Infringing Defendants' liability for false designation of origin, unfair competition, false advertising, and

trademark dilution under the Lanham Act.  Sections 43(a)(1)(A)(B) and (c) of the Lanham Act

provides that civil liability may be imposed when in a,

>  (a) Civil action,
>
>>  (1) Any person who, on or in connection with any goods or services, or any container for goods uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of any origin, false or misleading description of fact, or false or misleading representation of fact, which –
>>
>>  (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person. . .
>>
>>  (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's good, services, or commercial activities,
>
>  (c) Dilution by blurring; dilution by tarnishment

15 U.S.C. § 1125(a)(1)(A).

Determining the Infringing Defendants' liability is fairly straightforward in this case.  The

allegations in the amended complaint as well as the documentation attached to it in the form of

exhibits establish that the plaintiff has registered its trademarks.  Without the plaintiff's

authorization, the Infringing Defendants used or imitated the plaintiff's mark in connection with

the marketing, advertising, and sale of their carpet cleaning services.  Use of the plaintiffs'

trademarks was likely to cause confusion or mistake on the part of consumers by (falsely) linking

the Infringing Defendants' services to the good will and reputation that the plaintiff's trademark

signifies and that the Stanley Steemer brand enjoys.  Under these circumstances, the complaint

establishes liability for trademark infringement under the Lanham Act.  *See* 15 U.S.C. § 1114.

There being a valid basis for liability, the court proceeds to consider plaintiff's request for injunctive relief.

## C.   Injunctive Relief

### 1. Legal Standard

The plaintiffs are seeking a permanent injunction against the Infringing Defendants barring them from using the "Stanley Steemer" registered trademark. To be granted an injunction, the movant must show that it is entitled to injunctive relief under the applicable statutes and that it meets the prerequisites for the issuance of an injunction. *See King Vision Pay-Per-View, Ltd. v. Lalaleo*, 429 F. Supp. 2d 506, 507 (E.D.N.Y. 2006). The former consideration is met because the Lanham Act vests the court with the "power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant . . . ." 15 U.S.C. § 1116. The plaintiff is entitled to a permanent injunction if it "succeed[s] on the merits and shows the absence of an adequate remedy at law and irreparable harm if the relief cannot be granted." *Roach v. Morse,* 440 F.3d 53, 56 (2d Cir. 2006). In a trademark case, irreparable injury is established where "there is any likelihood that an appreciable number of ordinarily prudent purchasers are likely to be misled, or indeed simply confused, as to the source of the goods in question." *Lobo Enters., Inc. v. Tunnel, Inc.,* 822 F.2d 331, 333 (2d Cir. 1987) (internal quotation marks and citations omitted); *see also Malletier v. Burlington Coat Factory Warehouse Corp.*, 426 F.3d 532, 537 (2d Cir. 2005).

### 2. Facts

The evidence offered in affidavits submitted by the plaintiff establish the following facts. In May 2011, a customer contacted Kevin Morris, the Branch Manager for Stanley Steemer's Brooklyn office, and informed him that she had contacted 411 directory assistance and requested a phone number for Stanley Steemer. *See* Affidavit of Kevin Morris ("Morris Aff.") ¶¶ 1-2. When the customer dialed the number given by directory assistance and arranged for cleaning services, a company named NY Local Carpet Cleaners, and not affiliated with the plaintiff, appeared at her business. *Id.* ¶¶ 3-4. Shortly, thereafter when employees from Morris's office dialed the phone number given the customer, the call was answered as Stanley Steemer. *Id.* ¶ 5.

In February 2012, Morris was informed by another customer that she had been using the Infringing Defendant Stanly Steam Carpet Cleaning for over two years based upon a phone number the customer had been provided via telephone directory assistance. *Id.* ¶¶ 11-12. The customer mistakenly believed she was using the plaintiff's services due in part to the fact that the cleaners from Stanly Steam Carpet Cleaning advised her they were from Stanley Steemer. *Id.* ¶¶ 12-13. The customer provide Morris with an invoice dated February 22, 2012 that Stanly Steam Carpet Cleaning had given her. *See id.* ¶ 14, Exh. B, and Affidavit of Robert Marino ("Marino Aff.") ¶ 57, Exh. N. Morris reported these incidences of customer confusion to Robert Marino, the General Manager for Stanley Steemer for the Greater New York area. *See* Morris Aff. ¶¶ 6, 10, and 15.

Upon receiving Morris's reports concerning customer confusion, Marino contacted the 411 directory. *See* Marino Aff. ¶¶ 10. He reached out to 411 directory assistance seeking telephone numbers for the plaintiff Stanley Steemer, and received a text message from 411

containing three telephone numbers responsive to his request. *Id.* ¶ 10, Exh. A. Two of the three

telephone numbers provided by 411, (718) 232-2929 and (718) 232-2675, were listings for the

Infringing Defendant Stanley Steam. *Id.* ¶¶ 11, 19, Exh. A. The third number listed was

associated with another defendant in this action, "Stanlee Steam Carpet." *Id.* ¶ 15.

  Marino's investigation also included an internet search for the Infringing Defendant

Stanly which disclosed two different listing. *Id* ¶ 59. One listing contained the address 7205 13th

Avenue, Brooklyn, New York and a phone number of (718) 232-2675, and the other listing

disclosed the address 1955 Queens Boulevard, Queens, New York, and the phone number (718)

262-9325. *Id.* ¶ 59, Exh. O. Further inquires by Marino revealed that the phone number (718)

262-9325 is also associated with the Infringing Defendant Stanley Steam, as well as the

defendant Empire Carpet. *Id.* ¶¶ 26, 61. Marino next compared the February 22, 2012 invoice

from Stanly with an invoice dated June 29, 2011 a customer had received from the Infringing

Defendant ABC Rug, and discovered the invoices were identical, except for the company's name

and telephone number listed. *Id.* ¶¶ 34, 62, Exh. K.

  In furtherance of their investigation of the Infringing Defendants' activities, the plaintiff

hired an investigator, Michael Abbruzzese, to follow-up on telephone numbers used by the

defendants. *See* Affidavit of Michael Abbruzzese ("Abbruzzese Aff.") ¶¶ 1-3. Abbruzzese

determined that none of the telephone numbers were related to or affiliated with the plaintiff

Stanley Steemer, and in fact the various telephone numbers were each used generally by more

than one defendant. *Id.* ¶ 3. For instance, Abbruzzese's research into the telephone number

(718) 262-9325, which as indicated above is associated with Stanly, Stanley Steam and Empire

Carpet, revealed that it is a remote call forwarding number that is routed to Verizon land line

telephone numbers associated with other defendants. *Id.* ¶ 4. Abbruzzese's investigation also led him to call the number (718) 232-2929 associated with the Infringing Defendant Stanley Steam. *Id.* ¶¶ 12, 14. He called this number under the guise that he was looking for employment as a carpet cleaner and the individual who answered the call promised to call him back. *Id.* ¶ 14. In a similar manner, Abbruzzese determined that the telephone number (718) 232-2675 is also a remote call forwarding number that is also forwarded to a land line (718) 232-2669 associated with Stanley Steam. *Id.* ¶ 15. When he called this telephone number, he maintained a conversation similar to the substance of his previous call. *Id.* ¶¶ 16-17. Abbruzzese also discovered that two additional telephone numbers, (212) 371-2634 and (718) 221-4303, are also Verizon land lines operated by Stanley Steam and calls to these numbers are also forwarded to (718) 232-2669.

Lastly, Abbruzzese placed a telephone call to the Infringing Defendant Stanley Steam Carpet Cleaning at (718) 262-9325, and arranged to have his carpets cleaned on November 2, 2011. *Id.* ¶ 27. As arranged, on November 2, 2011, a carpet cleaning technician and his crew arrived and surveyed the areas to be carpet cleaned. *Id.* ¶ 31. The technician stated he was employed by the plaintiff Stanley Steemer, but the estimate he provided Abbruzzese contained the company name "NY Local Carpet Cleaners." *Id.* ¶¶ 31-35, Exh. A. The technician also insisted that the payment for the services was also to be made to "NY Local Carpet Cleaners" and Abbruzzese complied. *Id.* ¶¶ 33-35, Exh. B.

### 3. Analysis

The plaintiff has not only established a strong likelihood that consumers would be misled or confused by the Infringing Defendants' activities, they have also established actual confusion.

-10-

The Infringing Defendants' scheme was clearly intended to mislead consumers into thinking they were purchasing Stanley Steemer licensed or affiliated services. Therefore, the plaintiff has satisfied the requirements for a permanent injunction in its favor. While the court is unsure whether the Infringing Defendants are entities that are still in existence, much less doing business and continuing to infringe the plaintiff's marks, it is appropriate to enjoin such conduct in the future by granting the plaintiff this form of relief. Accordingly, the defendants should be permanently enjoined from using the name "Stanley Steemer" in any manner in connection with the conduct of their respective businesses. The court should order the permanent injunction in substantially the form the plaintiff seeks in their moving papers.

## CONCLUSION

In accordance with the above considerations, the undersigned hereby **RECOMMENDS** that a default judgment be entered against the defendants Stanley Steam Carpet Cleaning, Stanly Steam Carpet Cleaning, and ABC Rug Carpet Cleaning and that each be permanently enjoined from using the name Stanley Steemer and trademarks for commercial purposes.

   *   *   *   *   *   *

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see, e.g., Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 474, 88 L.Ed.2d 435 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298

(2d Cir.), *cert. denied*, 113 S. Ct. 825 (1992); *Small v. Secretary of Health and Human Serv.*, 892

F.2d 15, 16 (2d Cir. 1989) (per curiam).

Counsel for the plaintiff shall serve a copy of this Report and Recommendation

on the defendants by *regular mail* and file proof of such service in the record.

Respectfully recommended,

*Viktor V. Pohorelsky*

VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:   Brooklyn, New York
         October 28, 2014

-12-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 2 0 2014 ★

BROOKLYN OFFICE

--------------------------------------------------------X

Stanley Steemer International, Inc.,

Plaintiff,                    **ORDER ON R&R**

- against -                    12-cv-1653 (SLT) (VVP)

Stanley Steam Carpet Cleaning et al, *et al.,*

Defendants.

--------------------------------------------------------X

**TOWNES, United States District Judge,**

Plaintiff brought this action under the Federal Trademark Act of 1946 – known as the Lanham Act – against numerous defendants, alleging defendants' unauthorized use of plaintiff's trademarks, marks, and name. Plaintiff moved on August 28, 2013 for a default judgment against defendants Stanley Steam Carpet Cleaning, Stanly Steam Carpet Cleaning, and ABC Rug Carpet Cleaning (the "Defaulting Defendants"). (Docket No. 43.) Currently before the Court is Magistrate Judge Viktor V. Pohorelsky's thorough and well-reasoned Report and Recommendation ("R&R"), entered on October 28, 2014, which recommends that a default judgment be entered against the Defaulting Defendants and that each be permanently enjoined from using the name Stanley Steemer and trademarks for commercial purposes. (Docket No. 50). The Defaulting Defendants have not filed any objections to the R&R.

A district court judge may designate a magistrate judge to hear and determine certain motions pending before the Court and to submit to the Court proposed findings of fact and a recommendation as to the disposition of the motion. *See* 28 U.S.C. § 636(b)(1). Within fourteen days of service of the R&R, any party may file written objections to the report. *See id.* Upon *de novo* review of those portions of the record to which objections were made, the district court judge may affirm or reject the R&R. *See id.* The district court judge is not required to review the factual or legal conclusions of the magistrate judge as to those portions of the R&R to which

no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections may waive the right to appeal this Court's Order. *See* 28 U.S.C. § 636(b)(1); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

In this case, on October 28, 2014, Judge Pohorelsky recommended that this Court enter a judgment of default against each of the Defaulting Defendants and permanently enjoin each from using the name Stanley Steemer and trademarks for commercial purposes. Objections to the R&R were due by November 12, 2014. No objections were filed with this Court. Upon review of the recommendation, this Court adopts and affirms the Judge Pohorelsky's R&R.

**SO ORDERED.**

/s/ Sandra L. Townes

SANDRA L. TOWNES
United States District Judge

Brooklyn, New York
Dated: November *18*, 2014

2